TORCH, INC., Plaintiff–Appellant,

v.

Michael P. LeBLANC, Defendant–Appellee.

No. 91–3193
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 18, 1991.

Gerard J. Sonnier, Galloway, Johnson, Tompkins & Burr, New Orleans, La., for plaintiff-appellant.

David John Shea, St. Martin, Lirette & Shea, Houma, La., for defendant-appellee.

Before POLITZ, KING, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Torch, Inc. ("Torch"), a Louisiana corporation with its principal offices in Louisiana, complains that the district court abused its discretion by dismissing its declaratory judgment action. Finding no such abuse of discretion, we AFFIRM.

## I.

While in the employ of Torch as a seaman, Michael P. LeBlanc allegedly sustained injuries on two separate occasions: (i) on February 21, 1989, off the coast of Texas, and (ii) on April 24, 1989, while working near the coast of Louisiana.

Torch filed a (preventative) limitation proceeding in federal district court on or about February 23, 1990, and obtained this stay. LeBlanc then filed a motion in that same court to lift the stay so that he could file and pursue a claim against Torch in Texas state court. That motion was granted and the stay was lifted on October 3, 1990.

Within three days after the stay was lifted, Torch filed its Complaint for Declaratory Judgment in federal court. On December 28, 1990, LeBlanc filed a suit against Torch in Texas state court and, soon after, he also filed a Motion to Dismiss the Complaint for Declaratory Judgment in federal court. LeBlanc's Motion to Dismiss was granted by a Judgment entered on February 22, 1991. It is from that Judgment that Torch now appeals, alleging that the trial court abused its discretion.

## II. STANDARD OF REVIEW

Declaratory relief is a matter of district court discretion. *See Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir.1983) (noting that Declaratory Judgment Act bestows "a choice, not a command" on district court). The district court:

> may consider a variety of factors in determining whether to decide a declaratory judgment suit. For example, declaratory judgment relief may be denied [i] because of a pending state court proceeding in which the matters in controversy between the parties may be fully litigated, [ii] because the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping, [iii] because of possible inequities in permitting the plaintiff to gain precedence in time and forum or [iv] because of inconvenience to the parties or the witnesses.

*Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 29 (5th Cir.1989) (citations omitted). In reviewing a district court's declaratory judgment decision, this court's inquiry is limited to determining whether there has been an abuse of this broad discretion. *See id.; Mission*, 706 F.2d at 601.

## III. DISCUSSION

Torch has brought three issues before this court: (a) whether the district court

abused its discretion in dismissing Torch's Complaint for Declaratory Judgment; (b) whether the district court abused its discretion in failing to consider the *forum non conveniens* factors raised by Torch in this Complaint; and (c) whether the district court abused its discretion in considering that sustaining Torch's declaratory judgment action would establish non-liability for Torch and defeat LeBlanc's right to a jury trial.

*A. Whether the District Court Abused its Discretion in Dismissing Torch's Complaint for Declaratory Judgment*

■ The district court considered each of the variables established in *Rowan*, 876 F.2d at 29 (quoted *supra*), and noted that: (i) there is a pending state court action that "will resolve all the issues present in this declaratory judgment action" and judicial economy is a factor that can be taken into account; (ii) "the declaratory judgment action filed in [federal] court strongly suggests forum shopping on Torch's part"; and (iii) "allowing the declaratory judgment proceeding to go forward could effectively deprive Mr. LeBlanc of his right to present the Jones Act claims to a jury." *See* Transcript of Hearing Before the Honorable Robert F. Collins at 14–15, *Torch, Inc., v. LeBlanc*, No. 90–3193 (5th Cir. filed Mar. 28, 1991) ["Transcript"].

The district court weighed the relevant facts. In light of the breadth of the district court's discretion (*see supra* Part II), this court's standard of review (*see id.*), and the fact that the district court did assign reasons for its dismissal (*see Rowan* at 29), we have no reason to conclude that the district court abused its discretion in dismissing Torch's declaratory judgment action.

*B. Whether the District Court Abused its Discretion in Failing to Consider the Forum Non Conveniens Factors Raised by Torch*

Torch contends that:

Between LeBlanc's concession that many of the same considerations are used in determining declaratory judg-

ment dismissals and *forum non conveniens* dismissals and statements by this Court in *Rowan* and *Puritan Fashions* to the same effect, it is clear that there is a relationship between declaratory judgment dismissals and *forum non conveniens* dismissals and that many of the same considerations do apply.... Because there is absolutely no showing that the trial court considered convenience to the parties and witnesses in determining whether to hear or dismiss Torch's declaratory judgment, the trial court abused its discretion and its dismissal of Torch's declaratory judgment should be overturned. In fact, had convenience of the parties been considered, the court would have been virtually compelled to maintain the declaratory judgment action.

Brief of Plaintiff–Appellant, Torch, Inc. at 5–6, *Torch, Inc. v. Michael P. LeBlanc,* No. 91–3193 (5th Cir. filed May 1, 1991).

■ Torch is misreading the law on this point. The district court has discretion to consider a number of variables[1] and, as stated by this court previously, declaratory judgment analysis is *not* a euphemism for *forum non conveniens* analysis:

A district court's discretion in dismissing declaratory judgment actions is not directly governed by considerations relevant in a suit dismissed under the *forum non conveniens* doctrine. Stated differently, the factors to be considered by the district court in exercising its sound discretion concerning the dismissal of a declaratory judgment action are not the same factors that are to be considered by a district court in exercising its sound discretion in dismissing a case under the *forum non conveniens* doctrine. Pacific has tried to impose a consideration found appropriate in a *forum non conveniens* case, the United States citizenship of a party, to a declaratory judgment action. The argument is not persuasive in showing that the district court abused its discretion in the case *sub judice*.

*Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill,* 751 F.2d 801, 805 (5th Cir.

1. *See supra* Part II.

1985), *cert. denied,* 474 U.S. 909, 106 S.Ct. 279, 88 L.Ed.2d 244 (1985). Torch's argument has, therefore, already been rejected by this court and, conscious of the discretion of the district court, we must now reject it again.

C. *Whether the District Court Abused its Discretion in Considering that Sustaining Torch's Declaratory Judgment Action Would Defeat LeBlanc's Right to a Jury Trial*

Torch also contends that, "because the trial court's dismissal of Torch's declaratory judgment was at least in part based on its belief that maintaining Torch's declaratory action would defeat LeBlanc's right to a jury, the dismissal is erroneous as a matter of law and should be reversed." Reply Brief of Plaintiff–Appellant Torch, Inc. at 10, No. 91–3193 (5th Cir. filed Jul. 15, 1991) ["Reply Brief"]; *id.* at 9 (citing and quoting from the Transcript at 10). Torch relies upon *Beacon Theatres, Inc. v. Westover,* 359 U.S. 500, 504, 79 S.Ct. 948, 953, 3 L.Ed.2d 988 (1959): "The District Court's finding that the Complaint for Declaratory Relief presented basically equitable issues draws no support from the Declaratory Judgment Act ... That statute, while allowing prospective defendants to sue to establish their non-liability, specifically reserves the right to jury trial for both parties." Reply Brief at 10. Torch goes on to argue that "[b]ecause LeBlanc's underlying obligation would have been triable to a jury, Torch's declaratory action is still triable to a jury at LeBlanc's option." *Id.*

While debating whether or not to dismiss Torch's declaratory judgment action, the district court was cognizant that there was a pending state court action, and that granting Torch's motion for declaratory judgment in federal court would establish non-liability for Torch and deny LeBlanc his right to have his case heard before *a Texas state court jury.* Transcript at 14. Even *if* Torch were correct in challenging portions of the district court's reasoning regarding these jury trial implications, the district court's consideration of such impli-

cations is buttressed by the holding in *Cunningham Brothers, Inc. v. Bail,* 407 F.2d 1165, 1169 (7th Cir.1969), *cert. denied,* 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969) (footnote omitted):

> We agree with plaintiff that a declaratory judgment action should not be dismissed solely because a more traditional remedy is available ... However, when the traditional remedy provides the parties with the procedural safeguards required by the law to insure the availability of a proper remedy, the courts, in exercising their discretion, may properly dismiss the declaratory judgment action.[2]

In light of this holding and the district court's discretion regarding declaratory judgment, we again defer to the judgment of the district court.

### IV.

For the foregoing reasons, we AFFIRM.

---

**2.** *Id.* at 1168 (citation omitted): "To allow a declaratory judgment action under the facts before us would be to allow a substitute for the traditional procedures for adjudicating negli-

gence cases ... 'it is not one of the purposes of the declaratory judgment acts to enable a prospective negligence action defendant to obtain a declaration of non-liability.'"