**Clifford F. PALMER, et al.**

v.

**Lon BOUCVALT, et al.**

**Civ. A. No. 90–774–B.**

United States District Court,
M.D. Louisiana.

April 17, 1992.

Patricia Wilton, J. Randall Trahan, Steven J. Levine, Phelps, Dunbar, Marks Claverie & Sims, Baton Rouge, La., for Palmer.

James C. Donohoe, Phelps, Dunbar, Marks, Claverie & Sims, Baton Rouge, La., for Lloyd's of London.

Aub A. Ward, Naquin & Ward, Baton Rouge, La., for Boucvalt.

J.C. Olano, in pro. per.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

POLOZOLA, District Judge.

On December 20, 1991, this Court ordered the parties to submit memoranda discussing whether the Court should exercise its discretion to dismiss the suit in accordance with the Fifth Circuit opinion of *Torch, Inc. v. LeBlanc.* [1] After reviewing the briefs submitted by counsel, the Court finds it should dismiss this action without prejudice.

On August 31, 1988, J.C. Olano filed suit on behalf of his minor son, Jonathan, in state district court seeking damages for the personal injuries Jonathan sustained in a three-wheeler accident at Coupel's Hunting Club. Named as one of the defendants was Lloyd's, which provided liability insurance to Coupel's Hunting Club for the period during which the accident occurred. Plaintiff contends there was coverage under the insurance policy based on the argument that J.C. Olano was engaged in an activity "on behalf of the Insured Club."

On August 8, 1990, two years after the state suit was filed, Lloyd's filed an action

---

**1.** 947 F.2d 193 (5th Cir.1991).

for Declaratory Judgment in this Court seeking a judicial decree that Olano was not acting on behalf of Coupel's Hunting Club at the time of the accident. Although the parties appear to be ready for trial, this Court has not set a trial date in this matter.

In *Rowan Companies, Inc. v. Griffin,*[2] the Fifth Circuit set forth several factors for district courts to consider in determining whether to decide a declaratory judgment action: [1] whether matters in controversy can be fully litigated in a pending state court proceeding; [2] whether the declaratory complaint was filed in anticipation of another suit and is being used for the purpose of forum shopping; [3] the possible inequities in permitting the plaintiff to gain precedence in time and forum; [4] inconvenience to the parties or the witnesses.[3] Moreover, the Fifth Circuit held that the district court's determinations using these factors are reviewed under an abuse of discretion standard.[4]

After *Rowan*, there appeared to be conflicting jurisprudence in the Fifth Circuit as to when a district court could dismiss a declaratory judgment because of parallel state court litigation. In *Rowan* and *Mission Ins. Co. v. Puritan Fashions Corp.,*[5] the Fifth Circuit utilized an analytic framework for declaratory actions which gave district courts broad discretion in determining whether to hear the case. However, in *Evanston Ins. Co. v. Jimco, Inc.*[6] the panel "inadvertently overlooked *Puritan Fashions* and its rejection of *Moses Cone,* as applied to declaratory judgment proceedings. In *Jimco* the panel held that in considering whether to dismiss a declaratory judgment action a district court should apply the *Colorado River–Moses Cone* factors. *Jimco* thus placed stricter limitations than *Puritan Fashions* on the district court's exercise of discretion."[7]

Contrary to plaintiff's contention, the Fifth Circuit in *Torch, Inc. v. LeBlanc*[8] reaffirmed *Rowan's* holding that the Fifth Circuit's review of dismissals of declaratory actions "is limited to determining whether there has been an abuse of broad discretion."[9] Moreover, *Torch* reaffirmed the relevant factors set forth in *Rowan,* which must be considered by the district court in determining whether dismissal is appropriate.

In *Brillhart v. Excess Ins. Co. of America*[10] the Supreme Court admonished district courts to exercise caution when deciding to proceed with a declaratory action when a similar state court action was pending:

Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.[11]

---

**2.** 876 F.2d 26 (5th Cir.1989).

**3.** 876 F.2d at 29.

**4.** *Id.*

**5.** 706 F.2d 599, 601 n. 1 (5th Cir.1983).

**6.** 844 F.2d 1185 (5th Cir.1988).

**7.** *Rowan,* 876 F.2d at 29 n. 2. The *Colorado River–Moses Cone* factors reference the Supreme Court opinions of *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) and *Moses H. Cone Memorial Hospital v. Mercury Cons. Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). According to the Fifth Circuit the relevant factors gleaned from these opinions to be utilized when analyzing possible dismissal of a parallel non-declaratory action are: [1] the as-

sumption by either court of jurisdiction over property, [2] the inconvenience of the federal forum, [3] the desirability of avoiding piecemeal litigation, [4] the order in which jurisdiction was obtained by concurrent forums, [5] whether state or federal law provides the rule of decision on the merits, and [6] whether the state court proceeding would adequately protect the rights of the party that had invoked federal jurisdiction. *Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185, 1190–91 (5th Cir.1988).

**8.** 947 F.2d 193 (5th Cir.1991).

**9.** 947 F.2d at 194.

**10.** 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942).

**11.** 316 U.S. at 495, 62 S.Ct. at 1175–76.

Plaintiff's concede that the pending state court litigation can resolve all of the issues of fault, damages and insurance coverage whereas the pending federal court declaratory action can only decide the insurance coverage issue. The state court suit was filed two years before the federal court declaratory action includes the insurance coverage issue raised in the federal suit. There is no danger of piecemeal litigation in the state action. In short, the Court feels that judicial economy would best be served if all issues arising from plaintiff's accident were tried together in one lawsuit.

There is little doubt that the declaratory action filed by plaintiff suggests forum shopping. Plaintiff originally removed the pending state court action to this Court. This Court subsequently remanded the suit to state court. After the state court action was remanded, plaintiff filed the declaratory action in federal court. Plaintiff complains of the delay in the state court proceeding but plaintiff's reluctance to litigate this case in state court has contributed to the delay complained of by plaintiff. This Court must give deference to defendant's choice of state court as the forum to litigate the coverage issues.

This Court also recognizes the inequity of a party having to defend a declaratory action in federal court two years after filing a suit over the same controversy in state court. Plaintiff's contention that the defendant has acquiesced in the coverage issue being adjudicated in this Court is unfounded. The Court need look no further than the Fourth Defense in Defendant's answer which provides: "This Court should not entertain the present action which can be more expeditiously handled in the state court tort action." The defendant in this action filed suit in state court over three years ago and the time has come to allow the state court to decide all of the legal issues which are in dispute between the parties.

Finally, there is no more inconvenience in trying the case in state court than federal court since there is close proximity between this Court and the state court in Iberville Parish.

For the reasons set forth above, this Court declines to exercise jurisdiction over the declaratory action filed by plaintiff. Therefore, this suit is DISMISSED without prejudice.

Judgment shall be entered accordingly.