United States Court of Appeals,

Fifth Circuit.

No. 92-3498.

The TRAVELERS INSURANCE COMPANY, Plaintiff-Appellant,

v.

LOUISIANA FARM BUREAU FEDERATION, INC., et al., Defendants-Appellees.

July 29, 1993.

Appeal from the United States District Court for the Middle District of Louisiana.

Before JOHNSON, GARWOOD, and JONES, Circuit Judges.

JOHNSON, Circuit Judge:

On April 21, 1992, after two years of litigation and the resolution of the Travelers Insurance Company's claims against eighteen of nineteen defendants, the district court dismissed the Company's cause of action against the remaining defendant, Miss Ashley Claire Hurdle. Finding support in *Torch, Inc. v. LeBlanc,* 947 F.2d 193 (5th Cir.1991), the court decided to abstain in this declaratory judgment action. The Travelers Insurance Company ("Travelers") appeals. Finding that the district court abused its discretion in dismissing Travelers' suit against Miss Hurdle, we reverse.

I. Facts and Procedural History

Effective January 1, 1982, Travelers issued an annual health and accident insurance policy to the Louisiana F.B. Service Company, Inc. ("Farm Bureau"). The policy provided benefits to those Farm Bureau members and dependents who were enrolled in the plan. Travelers provided an annual policy which the Farm Bureau renewed each year through 1989, when Travelers decided to discontinue coverage of Farm Bureau members. Members and dependents who had been diagnosed with terminal illnesses were highly displeased with Travelers' decision. Believing that Louisiana law prohibited Travelers from unilaterally terminating their insurance policy,[1] many of the

---

[1]Louisiana Revised Statutes provide:

> No group, family group, or blanket health insurer shall unilaterally cancel a policy after the insurer has received any covered claim or notice of any covered claim for a terminal, incapacitating, or debilitating condition. The insurer may cancel the

members—Louisiana and Mississippi residents—retained counsel and sent demand letters to Travelers. They insisted that Travelers not terminate their medical coverage. Several members also filed lawsuits.[2]

On December 4, 1989, Ashley Claire Hurdle, a dependent of a Farm Bureau member, also filed suit against Travelers in the 18th Judicial Court in Iberville Parish. Ashley had been diagnosed with acute myelogenous leukemia in March of that year. Like the other Farm Bureau members who had filed suit against Travelers, Ashley filed a declaratory judgment action in state court, petitioning that court to define her rights under Travelers' insurance policy in light of section 22:228 of the Louisiana Revised Statutes. In response, Travelers, invoking the court's diversity of citizenship jurisdiction, initiated this declaratory action in federal district court for the Middle District of Louisiana. Travelers sought to bring all of the potential claimants, including the Louisiana Farm Bureau Federation, Inc., Louisiana F.B. Service Co., Inc., and seventeen individual defendants, under the umbrella of one action so that all of the claims could be resolved consistently and completely. For two years, the parties actively engaged in litigation, and by December 13, 1991, the claims against all of the defendants except for Ashley Hurdle were resolved.[3]

On November 15, 1991, Travelers filed a motion for summary judgment against Miss Hurdle. Both parties agreed that no material issues of fact existed in the case and that summary judgment—for one or the other party—was appropriate. Instead of ruling on the summary judgment motion, however, the district court, *sua sponte,* raised the issue of abstention. Reviewing the then

policy, as otherwise provided by law, after the claimant's terminal, incapacitating, or debilitating condition has concluded and no further claims for that condition are expected, provided there has been no other covered claim, or notice of claim, made by any member of the group for a terminal, incapacitating, or debilitating condition.

LA.REV.STAT.ANN. § 22:228(A) (West Supp.1993).

[2]Irma Simoneaux Vial filed suit in the 24th Judicial District Court in Jefferson Parish. Defendants William Parker, Alois Reiners, Allotes Leigh Thistlethwaite and Eloise Ortego Thistlethwaite filed suit in the 27th Judicial District Court in St. Landry Parish.

[3]The district court entered default judgments against five defendants, granted summary judgment against one defendant, and dismissed two other defendants. The ten remaining defendants agreed to settle their claims against Travelers.

newly-released opinion in *Torch, Inc. v. LeBlanc,* 947 F.2d 193 (5th Cir.1991), the court directed the parties to present briefs on whether it should abstain from deciding the substantive issues in the case. Travelers argued against abstention. Miss Hurdle neither supported nor opposed it.[4] The court, without analyzing the facts of this case in light of the pertinent abstention factors, dismissed Travelers' cause of action against Miss Hurdle on April 21, 1992—more than two years after Travelers had initiated the suit. Arguing that the court abused its discretion by dismissing the case, Travelers appeals.

## II. Discussion

### A. Availability of Declaratory Judgment

Prior to determining whether the district court abused its discretion by failing to review the merits of this case, this Court must first determine whether the district court had authority to grant a declaratory judgment here. The Fifth Circuit has decided that when a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the requirements of the Anti-Injunction Act.[5] *Texas Employers' Ins. Ass'n v. Jackson,* 862 F.2d 491, 506 (5th Cir.1988) (*en banc*), *cert. denied,* 490 U.S. 1035, 109 S.Ct. 1932, 104 L.Ed.2d 404 (1989). Thus, as a general rule, the district court may not consider the merits of the declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, *and* 3) the district court is prohibited from enjoining the state proceedings under the Anti-Injunction Act. *Jackson,* 862 F.2d at 506; *see also, Samuels*

---

[4]Miss Hurdle merely explicated the pertinent law and suggested, without urging, that the district court had the power to abstain. She further explained that if the court chose not to abstain, it would have to rule on Travelers' summary judgment motion. She then went on to oppose that motion.

[5]The Anti-Injunction Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. The parties do not contend that any of the exceptions to the act are applicable in this case.

*v. Mackell,* 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971). The Court has found that the issuance of a declaratory judgment in such situations would be antithetical to the noble principles of federalism and comity. *See Jackson,* 862 F.2d at 505.

However, we believe that the case *sub judice* is in a very small class of highly distinguishable cases which are exceptions to the broad rule announced in *Jackson.* First, unlike the normal declaratory plaintiff—and, indeed, the declaratory plaintiff in *Jackson*[6]—Travelers brought this action in federal court neither to nullify Miss Hurdles' advantage in first bringing suit in Louisiana State Court nor to change forums.[7] Travelers brought this action to avoid a multiplicity of suits in various forums throughout Louisiana and possibly Mississippi.[8] Travelers explained in its original complaint that it brought suit so that the one pertinent issue, which involved seventeen Farm Bureau members who could have brought suit in multitudinous forums in Louisiana and Mississippi, could be resolved consistently in one, rather than multiple, forums. Such a goal, unlike that of changing forums or subverting the real plaintiff's advantage in state court, is entirely consistent with the purposes of the Declaratory Judgment Act.[9] *Crosley Corp.,* 122 F.2d at 930 (stating that the intent of the

---

[6]This Court explained in *Jackson* "that the *only* purpose and effect of TEIA's federal suit was to defeat Jackson's state suit against it and to, in effect, overrule the state trial court's denial of TEIA's plea in bar." *Jackson,* 862 F.2d at 505 (emphasis in the original).

[7]Using a declaratory judgment action to race to *res judicata* or to change forums is thoroughly inconsistent with the purposes of the Declaratory Judgment Act and should not be countenanced. *Dresser Indus., Inc. v. Insurance Co. of North America,* 358 F.Supp. 327 (N.D.Tex.1973), *aff'd,* 475 F.2d 1402 (5th Cir.1973); JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 57.08[5] (2d ed. 1991); CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2758 (2d ed. 1983).

[8]Travelers had already been sued in three different Louisiana district courts which sat in three different Louisiana appellate circuits.

[9]It is abundantly clear that multiple lawsuits on the same issue can result in differing and conflicting decisions and do result in a waste of judicial time and resources. The Third Circuit aptly explained more than fifty years ago:

> The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice. In view of the constant increase in judicial business in the federal courts and the continual necessity of adding to the number of judges, at the expense of the taxpayers, public policy requires us to seek actively to avoid the waste of judicial time and energy. Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate

Declaratory Judgment Act, then 28 U.S.C. § 400, the predecessor to 28 U.S.C. §§ 2201-2202, is to avoid multiplicity of suits); *Smith v. Transit Casualty Co.,* 281 F.Supp. 661, 670 (E.D.Tex.1968), *aff'd,* 410 F.2d 210 (5th Cir.1969) (asserting that "[o]ne important function of a declaratory judgment is to avoid multiplicity and circuity of actions"); 6A JAMES W. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 57.08[6.—1] (2d ed. 1991); CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2751 (2d ed. 1983).

Further, under the facts of this case, we believe that Miss Hurdle has waived any right to argue that the district court should have given priority to her state suit. Miss Hurdle filed a similar declaratory judgment suit in Louisiana district court more than two years prior to the dismissal of this federal declaratory action. However, that state action proceeded no further than the pleading stage by the time the federal district court dismissed this case. Indeed, while the state case remained stagnant, this federal case moved fairly quickly: the parties engaged in discovery for well over a year; the court dismissed Travelers' claims against eighteen of nineteen defendants; Travelers and Miss Hurdle resolved all material fact issues, and the case proceeded to and was ripe for summary judgment.

The Court finds significant that even though Miss Hurdle had ample opportunity to so do, at no time did she ask the district court to give precedence to her state court action. On July 6, 1990, just five months after Travelers filed suit, the district court ordered "those defendants who have contested jurisdiction and venue, or who believe that this court should transfer this matter to another district, *abstain or should stay this action,* [to] file their motions raising these issues" by August 3, 1990. (emphasis supplied). The other four defendants who had brought suit against Travelers in state forums[10] responded to the court's order and filed motions urging the district court to defer to

each other's work in cases involving the same issues and the same parties.

> *Crosley Corp. v. Hazeltine Corp.,* 122 F.2d 925, 930 (3d Cir.1941), *cert. denied,* 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211 (1942).

[10]*See supra* note 2.

the state courts. Ashley Hurdle, though aware of the court's order and the parties' motions,[11] filed no such motion.

Moreover, when the district court asked the parties to provide briefs on the abstention issue, Ashley Hurdle responded with a brief which was thoroughly equivocal on the issue—it neither advocated nor opposed abstention. It merely recited abstention law and urged the court to deny Travelers' motion for summary judgment. By vigorously litigating the claims raised in the federal declaratory judgment action rather than advocating abstention and by exerting literally no effort whatever in her state case, Miss Hurdle, in essence, abandoned that state case.

Hence, because Travelers' primary goal in bringing this declaratory judgment action in federal court was to avoid a multiplicity of lawsuits in different forums and because Ashley Hurdle, in our view, waived any right to assert that her state action took precedence over Travelers' federal action, this case falls outside the broad parameters of *Jackson.* We therefore hold that although the district court could not have enjoined Hurdle's state case under the Anti-Injunction Act, it was nonetheless authorized to review the merits of Travelers' declaratory judgment claim.

*B. Dismiss or Declare?*

The Court must now turn to the question of whether the district court abused its discretion by abstaining from deciding the merits of this case. It is now well-settled in the Fifth Circuit that a district court has discretion over whether to decide or dismiss a declaratory judgment action.[12] *Granite State Ins. Co. v. Tandy Corp.,* 986 F.2d 94 (5th Cir.1992), *cert. dismissed,* --- U.S. ----, 113

---

[11]On August 3, 1990, defendants Allotes and Eloise Thistlethwaite filed a motion to dismiss, transfer, or abstain. They filed a memorandum explaining and supporting that motion on August 8. Similarly, on August 21, 1990, defendants William Parker and Alois Reiners filed a motion to stay or dismiss the proceedings or to remand or transfer the case to the 24th Judicial District Court in Jefferson Parish. *See supra* note 2. Parker and Reiners filed a memorandum supporting that motion on the same day. The district court issued no fewer than eight orders concerning these motions during the course of the litigation. The record reflects that Miss Hurdle's counsel was informed of each such motion and each such order.

[12]This Court has made clear that the factors set out in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), and *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), are inapplicable in declaratory judgment actions. *Granite State Ins. Co. v. Tandy Corp.,* 986 F.2d 94 (5th Cir.1992), *cert. dismissed,* --- U.S. ----, 113 S.Ct. 1836, 123 L.Ed.2d 463 (1983).

S.Ct. 1836, 123 L.Ed.2d 463 (1993); *Torch, Inc. v. LeBlanc,* 947 F.2d 193 (5th Cir.1991). However, though the district court's discretion is broad, it is not unfettered. Courts may not dismiss requests "for declaratory judgment relief "on the basis of whim or personal disinclination.' " *Rowan Cos., Inc. v. Griffin,* 876 F.2d 26, 28-29 (5th Cir.1989) (quoting *Hollis v. Itawamba County Loans,* 657 F.2d 746, 750 (5th Cir.1981)). Further, unless the district court addresses and balances the purposes of the Declaratory Judgment Act and the factors relevant to the abstention doctrine on the record, it abuses its discretion. *Id.* at 30 (quoting *In re Air Crash Disaster Near New Orleans,* 821 F.2d 1147, 1166 (5th Cir.1987), *vacated on other grounds sub nom. Pan American World Airways, Inc. v. Lopez,* 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400) (1989)).

The relevant factors which the district court must consider include, but are not limited to, 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, *Rowan Co., Inc.,* 876 F.2d at 29, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 602 (5th Cir.1983), 3) whether the plaintiff engaged in forum shopping in bringing the suit, *Rowan Cos., Inc.,* 876 F.2d at 29, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, *id.,* 5) whether the federal court is a convenient forum for the parties and witnesses, *Mission Ins. Co. v. Puritan Fashions Corp.,* 706 F.2d 599, 602 (5th Cir.1983), and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy, *see Mission Ins. Co.,* 706 F.2d at 602.

We note immediately that the district court summarily dismissed this case without providing

even a cursory analysis of the pertinent facts and law.[13]  Based upon the clear mandate of *Rowan,*[14]

we must find that the district court abused its discretion by failing to individualize its decision by

addressing the facts of this case in light of the above-listed abstention factors and the goals of the

Declaratory Judgment Act.

While this Court is under no obligation to review the facts of this case in light of the relevant

factors, we believe that doing so would be judicious.  So reviewing this case, this Court finds that the

district court should have reached the merits.  First, there is no doubt that Ashley Hurdle filed suit

in the 18th Judicial District Court two months prior to Travelers' bringing suit in the federal court.

However, Miss Hurdle does not deny that her state case proceeded no further than the filing of the

original pleadings.  Thus, though the state court has precedence in time,[15] that court is far behind the

federal court in resolving the issues at hand.[16]

The second and third factors do not support abstention, for Travelers did not bring this suit

---

[13]The district court's entire order asserted:

> This suit was filed in this Court seeking a declaratory judgment.  There is a
> similar suit pending in the 18th Judicial District Court, which was filed by the
> plaintiff.  For reasons set forth in *Torch, Inc. v. LeBlanc,* 947 F.2d 193 (5th
> Cir.1991) and *Palmer v. Boucvalt,* CA No. 90-774 [789 F.Supp. 211] (M.D.[ ]La.
> April 1992), this suit is dismissed without prejudice.  The state courts are well
> equipped to handle the litigation between the parties.

> Judgment shall be entered accordingly.

[14]The *Rowan* Court held that in declaratory judgment cases, " "a district court abuses its
discretion when it summarily denies or grants a motion to dismiss without either written or oral
explanation' or "when it fails to address and balance the relevant principles and factors of the
doctrine.' "  *Rowan,* 876 F.2d at 30 (quoting *In re Air Crash Disaster Near New Orleans,* 821
F.2d 1147, 1166 (5th Cir.1987) (*en banc*), *vacated on other grounds, Pan American World
Airways, Inc. v. Lopez,* 490 U.S. 1032, 109 S.Ct. 1928, 104 L.Ed.2d 400 (1989)).

[15]Hurdle's contention that the Fifth Circuit looks only to the chronological order in which
lawsuits are filed is quixotic.  If this Court had adopted such a strict chronological approach, we
clearly would not have enumerated *six* factors which must be considered, rather than *one* date of
filing factor.  Moreover, the second abstention factor—requiring the court to consider whether
the declaratory suit was filed *in anticipation* of a lawsuit filed by the declaratory
defendant—inherently recognizes that in some cases where the declaratory plaintiff was, indeed,
the first to file, the court should nonetheless abstain.

[16]Hurdle's state suit was a declaratory judgment action, so the type of relief sought in that case
would not have differed at all from the type of relief requested in this case.  *See Torch,* 947 F.2d
at 196.

to race to *res judicata*, nor did it shop for a new forum or seek to thwart any advantage Miss Hurdle may have gained by filing suit first in state court. On the contrary, Travelers' goal—consistent with the purposes of the Declaratory Judgment Act—was to avoid multiple lawsuits in numerous different forums. With respect to the fourth factor, Miss Hurdle has not pointed to any inequities which could possibly flow from the district court's reaching the merits of this case. Additionally, Miss Hurdle concedes that trying the case in the federal district court in Baton Rouge is no less convenient than trying the case in the 18th Judicial District Court in Iberville Parish.

The judicial economy factor, the last factor, overwhelmingly supports retention of the case. As explained in part II-A of this opinion, the parties here have completed discovery and have resolved all material fact issues. All that remains in this case is the resolution of one, solitary, legal question on which the district court has already been thoroughly briefed. The district court simply needs to make a decision. However, as has been noted repeatedly, if this case were dismissed, the state court, duplicating the work already done in the federal court, would have to "start from scratch." Its resolution of this case would necessarily be significantly delayed.

Addressing the facts of this case in light of the applicable law makes it readily apparent that abstention was inappropriate here. The district court abused its discretion in declining to review the merits of this case.

### III. Conclusion

The district court failed to apply existing Fifth Circuit law in any significant way to the facts of the case *sub judice*. Had the court properly analyzed the facts and the law, it would have recognized that abstention was completely inappropriate here. Because the district court improperly dismissed this case, we must REVERSE AND REMAND for that court to adjudicate the merits of the case.

GARWOOD, Circuit Judge, specially concurring:

I concur in Judge Johnson's careful opinion, and write separately only to emphasize my understanding that we do not thereby speak to what the result would be had not "Miss Hurdle, in essence, abandoned" her "state case" and "waived any right to assert that her state action took

precedence over Travelers' federal action."