**CANAL INDEMNITY COMPANY**

v.

**WILBURN CONTAINER X–PRESS, INC., et al.**

No. 94–911.

United States District Court, M.D. Louisiana.

July 24, 1995.

Larry Michael Roedel, John O. Shirley, Sr., David Alva Woolridge, Jr., Roedel, Parsons, Forrester, Hill & Koch, Baton Rouge, LA, for Canal Indemnity Company.

Donald T. Carmouche, Talbot, Sotile, Carmouche, Marchand & Marcello, Donaldsonville, LA, for Wilburn Container X–Press Incorporated.

Thomas James Wagner, Eric D. Suben, Wagner, Bagot & Gleason, New Orleans, LA, for Flexi–Van Leasing, Inc.

John G. Gomila, Jr., Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, LA, for Travelers Insurance Company and New Orleans Cold St.

Kevin Lawrence Cole, Hailey, McNamara, Hall, Larmann & Papale, Metairie, LA, for Winston R. Clark, Mary B. Clark and Trinity Universal Insurance.

Stephen Kenneth Conroy, Stassi, Griffith & Conroy, LLC, Metairie, LA, for J & M Distribution Services.

## RULING ON DEFENDANTS' MOTION TO STAY OR DISMISS

POLOZOLA, District Judge.

This matter is before the Court on defendants' motions to stay or, in the alternative, to dismiss. Defendants request this Court to abstain from hearing the merits of this declaratory judgment action. Because this Court believes this matter should be decided in state court, it grants defendants' motions and dismisses this suit without prejudice.

### I. Facts and Procedural History

On July 19, 1993 several vehicles were involved in an accident on Interstate 10 in Ascension Parish. As a result of the accident, seven suits were filed in the state courts of Texas and Louisiana. Specifically, by July 19, 1994, one case had been filed in a Texas state court [1] and six cases had been filed in Louisiana state courts—five cases in the 23rd Judicial District Court for the Parish of Ascension,[2] and one in the 24th Judicial District Court for the Parish of Jefferson.[3]

On July 26, 1994 plaintiff, Canal Indemnity Company (hereinafter "Canal"), filed suit in this Court seeking a declaration of its rights pursuant to an insurance policy it issued to Wilburn Container X-press, the owner of one of the vehicles involved in the accident. Canal contends that because the policy was canceled twenty-seven days before the accident, it is not obligated to pay any related losses. Canal claims that resolution of its declaratory judgment action will "eliminate the risk of inconsistent decisions among" [4] the state courts and permit more convenient litigation of this matter.

Because several state court actions were pending when this suit was filed, defendants immediately requested [5] this Court to abstain from issuing a declaratory judgment. Defendants have not argued the merits of the case; they have only argued the issue of abstention.

To date, Canal has received summary judgment in its favor in one of the Louisiana state court actions, has settled another,[6] and

---

1. John Chris Sanders, Individually, et al v. Wilburn Container X–Press Inc., et al, No. 94–06294, 68th District Court, Dallas County, Texas.

2. Winston R. Clark and Mary R. Clark v. NOCS Transport Ltd & Travelers Ins. Co., No. 52,895 (Canal has obtained summary judgment in this matter, dismissing it with prejudice on the basis of no coverage); Gerald Thompson et al v. Flexi–Van Leasing, Inc. et al., No. 53,905 (status unknown); Malcolm Earl Flemming Sr., et al v. Val Joseph Broulliette, et al, No. 53,931 (Canal named as defendant but has not been served); Winston Clark & Trinity Universal Insurance Co.'s v. New Orleans Cold Storage, No. 53,930 (Defendant, Flexi–Van Leasing, has filed a cross-claim against Canal); Charles H. Powell, III, et al v. Val Joseph Broulliette, et al, No. 53,601

(Canal has settled this particular case with plaintiffs and has been dismissed with prejudice).

3. Lynda Stockton, Wife of/and Richard Stockton and Norman Jackson v. Flexi–Van Leasing, Inc. et al, No. 465–677.

4. Plaintiff's Memorandum in Opposition to Defendants' motion to Stay or Dismiss at 2.

5. Defendant filed its motion to stay or dismiss thirty-six days after (August 31, 1994) Plaintiff filed this action (July 26, 1994) for declaratory judgment.

6. Canal settled with the plaintiffs in Charles H. Powell, III v. Val Joseph Broulliette, et al, No. 53,601 and obtained summary judgment in Win-

is not involved in the Texas state court action. Thus, Canal is currently involved in only four lawsuits all of which are pending in Louisiana state courts. Interrogatories have been propounded in three of those actions.[7] Similar discovery has taken place in this declaratory judgment action.

For the following reasons, the Court finds that the narrow exception of *Travelers Ins. v. Louisiana Farm Bureau Federation*[8] does not apply under the facts of this case. The Court also finds that *Texas Employers' Ins. Ass'n v. Jackson*[9] and the Anti–Injunction Act require abstention.

## II. Discussion

In *Travelers,* the declaratory plaintiff, an insurance company, had been sued by nineteen plaintiffs in various state courts. Seeking declaratory judgment, Travelers filed one lawsuit in federal court against all of those claimants for the purpose of resolving all of the state court claims consistently and completely. After two years of active litigation in federal court, the claims against all but one defendant, Ashley Hurdle, had been resolved. At that stage of litigation, this Court, reviewing *Jackson* and the then recent *Torch, Inc. v. LeBlanc,*[10] directed the parties to brief the issue of abstention. Miss Hurdle neither supported nor opposed abstention. This Court abstained from deciding the case, and the Fifth Circuit reversed setting forth an exception to the general rule announced in *Jackson.*

In reversing this Court, the Fifth Circuit found that the Anti–Injunction Act and *Jackson* would ordinarily preclude the district court in similar cases from issuing a declaratory judgment. However, the court held that because a declaration of plaintiff's rights in that case would be consistent with the purposes of the Declaratory Judgment Act and defendant had "waived" her right to argue that the state court should have been given priority, the case fell within a very small exception to the general rule against issuance of declaratory judgment when state court actions are pending. Finally, the Fifth Circuit held that the balance of factors to be considered in determining whether to abstain favored retaining the case.

Thus, *Travelers* establishes a three step analysis for determining whether a declaratory judgment should be issued when state court actions of the same matters are pending at the time the suit for declaratory judgment is filed.[11] First, the district court must determine whether the Anti–Injunction Act and *Jackson* ordinarily preclude declaratory judgment (mandatory abstention).[12] Second, if the general rule announced in *Jackson* precluding declaratory judgment is triggered, the court must look to the specific facts of the case to determine whether the rule actually applies, i.e. whether the action is in "the very small class of highly distinguishable cases which are exceptions" to that general rule.[13] Third, if the action is excepted from the general rule, the court must

ston Clark & Mary Clark v. NOCS Transport Ltd., et al, No. 52,895.

**7.** Interrogatories have only been propounded to Canal in one of the four cases it is currently defending (Lynda Stockton, et al v. Flexi–Van Leasing., et al, No. 465–677, 24th JDC, Parish of Jefferson).

**8.** 996 F.2d 774 (5th Cir.1993).

**9.** 862 F.2d 491, 506 (5th Cir.1988). This case held that a district court *shall not* consider the merits of the declaratory judgment act when (1) a declaratory defendant previously filed a cause of action in state court against the declaratory plaintiff, (2) the state court case involves the same issues as those involved in the federal case, and (3) the district court is prohibited from en-

joining state proceedings under the Anti–Injunction Act. *Id.*

**10.** 947 F.2d 193 (5th Cir.1991).

**11.** If the action for declaratory judgment had been filed first, the court must also determine whether such filing was "anticipatory" of the declaratory defendant's filing suit in state court. *See Wilton v. Seven Falls Co.,* 41 F.3d 934 (5th Cir.) *cert. granted* —— U.S. ——, 115 S.Ct. 571, 130 L.Ed.2d 488 (1994), *aff'd* —— U.S. ——, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995).

**12.** *Travelers,* 996 F.2d at 776 (second full paragraph).

**13.** *Id.* at 776–77. In other words, if the case is within this very small class excepted from the *Jackson* rule, then issuance of declaratory judg-

balance [14] the purposes of the Declaratory Judgment Act and decide whether it *should* issue a declaratory judgment or abstain (permissive abstention).

## A. Availability of Declaratory Judgment: Mandatory Abstention

 This court must first determine whether it has authority to grant a declaratory judgment in this case.[15] "[W]hen a state lawsuit is pending, more often than not, issuing a declaratory judgment will be tantamount to issuing an injunction—providing the declaratory plaintiff an end run around the requirements of the Anti–Injunction Act."[16] Therefore, as a general rule the district court is precluded from issuing a declaratory judgment when

(1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, (2) the state case involves the same issues as those involved in the federal case, *and* (3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act. The Court has found that the issuance of a declaratory judgment in such situations would be antithetical to the noble principles of federalism and comity.[17]

In this case, all four state court actions pending against Canal were filed before this action for declaratory judgment. The state claims involve the same issue of coverage plaintiff seeks to have resolved here.[18] Under the facts of this case, the Court may not enjoin the state court proceedings under the Anti–Injunction Act. A federal court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Congress"[19] or by the Act itself.[20] None of the exceptions provided expressly by Congress or by the Act itself apply in this case.[21] Therefore, issuing a declaratory judgment in this case *generally* would be tantamount to issuing an injunction and therefore is *generally* prohibited by the Anti–Injunction Act through *Jackson.* However, *Travelers* describes a small class of cases that are carved from the *Jackson* rule and consequently are not effected by the Anti–Injunction Act. In these rare cases, therefore, declaratory judgment is not precluded by the Anti–Injunction Act.

## B. The Travelers Exception

 The court in *Travelers* believed that the facts of that case brought it within a *"very small class of highly distinguishable* cases which are exceptions to the broad rule announced in *Jackson."*[22] However, the court did not define the exact characteristics of this small class of cases. Because the Fifth Circuit emphasized the extremely limited nature of this exception, it appears this Court must confine *Travelers* to its facts.

ment is *not* tantamount to issuance of an injunction.

14. *Id.* at 779; *Rowan Cos., Inc. v. Griffin,* 876 F.2d 26, 28–29 (5th Cir.1989).

15. *Travelers,* 996 F.2d at 776.

16. *Id.* The Anti–Injunction Act provides:
A court of the United States may not grant an injunction to stay proceedings in State court except as *expressly authorized by Act of Congress,* or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment. 28 U.S.C. 2283 (emphasis added).

17. *Travelers,* 996 F.2d at 776 (citing *Jackson,* 862 F.2d at 505–06 and *Samuels v. Mackell,* 401 U.S. 66, 73, 91 S.Ct. 764, 768, 27 L.Ed.2d 688 (1971)) (emphasis in original). The first two of these requirements trigger the rule. The third requirement excepts the case from the rule. Thus, it is more accurate to state the third requirement in the negative as follows: "(3) none of the congressional exceptions to the Anti–Injunction Act apply."

18. In *Wilton v. Seven Falls Co.,* 29 F.3d 623 (5th Cir. June 29, 1994), *cert. granted* —— U.S. ——, 115 S.Ct. 571, 130 L.Ed.2d 488 (1994), *aff'd* —— U.S. ——, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995), the Fifth Circuit held that abstention was proper where "maintenance of [a] declaratory judgment action would result in piecemeal adjudication of the coverage dispute and reward [the declaratory plaintiff's] attempts to forum shop." *Id.*

19. 28 U.S.C. 2283.

20. The Anti–Injunction Act permits injunctions by federal courts of state court proceedings (1) where necessary in aid of the federal court's jurisdiction or (2) to protect or effectuate the federal court's judgments. 28 U.S.C. 2283.

21. The parties do not argue that any statutory exception to the Anti–Injunction Act applies in this case.

22. *Travelers,* 996 F.2d at 776.

The court in *Travelers* focused on two facts to justify excepting that case from *Jackson's* general rule precluding issuance of declaratory judgment. First, the court noticed that Travelers brought its action for declaratory judgment neither to nullify its opponent's suit in state court nor to change forums; instead, it had brought suit in federal court merely to avoid great multiplicity of lawsuits in various forums throughout Louisiana and possibly Mississippi. This goal, according to the court, is entirely consistent with the purposes of the Declaratory Judgment Act.[23] Second, the court found that the declaratory defendant had "waived any right to argue that the district should have given priority to her state suit." [24]

### 1. Ambiguity of *Travelers:* Multiplicity *and* Waiver, or Multiplicity *or* Waiver.

The ambiguity of the *Travelers's* exception to the rule announced in *Jackson* is obvious: Does the test for the exception require both multiplicity of pending state lawsuits and waiver or may either suffice? Because this Court must confine *Travelers* to its facts, it must consider how the Fifth Circuit used the term "waiver" in *Travelers*. In other words, the Court believes facts of *Travelers* are more important than the mere term "waiver"

in determining whether the exception to *Jackson* applies.

In *Travelers*, the fact that there were multiple lawsuits pending in various state district courts gave rise to the risk of inconsistent judgments. Additionally, the existence of those lawsuits indicated that the declaratory plaintiff filed its suit for a permissible purpose instead of an impermissible one such as changing forums or subverting the real plaintiff's advantage in state court. Lastly, whereas the state court action had proceeded no further than the pleading stage, the federal action was ripe for summary judgment. In other words, wise judicial administration consistent with the purposes of Declaratory Judgment Act permitted the federal court to decide the remaining issue. This type of wise judicial administration, however, appears new. Unlike the traditional doctrine of "wise judicial administration," which, in rare situations, instructs the court to abstain out of notions of efficiency to abstain (despite the court's "virtually unflagging obligation" to exercise its jurisdiction),[25] the wise judicial administration of *Travelers* favors *retaining* the case (despite *Jackson's* presumption that abstention is required) on the basis of judicial economy.[26]

---

**23.** According to 10 A CHARLES A. WRIGHT, ET AL, FEDERAL PRACTICE AND PROCEDURE 2751 at 569–71, the purposes of the Declaratory Judgment Act include: (1) minimizing the danger of avoidable loss and the unnecessary accrual of damages and to afford one threatened with liability an early adjudication without waiting until his adversary should see fit to begin an action after damage has accrued; (2) relieving potential defendants from the Damoclean threat of impending litigation which a harassing adversary might brandish, while initiating suit as his leisure—or never; (3) allowing actual controversies to be settled before they ripen into violations of law or a breach of contractual duty; (4) helping to avoid multiplicity of actions by affording an adequate, expedient, and inexpensive means for declaring in one action the rights and obligations of litigants. *Id.* Although there are several purposes behind the Act, it appears that only "avoidance of a multiplicity of state lawsuits" coupled with more action in federal than in state court justifies the *Traveler's* exception. Further, it is interesting that none of the cases cited by the above treatise involved avoidance of multiplicity of *state court* actions. In other words, as to the fourth goal listed above, the Declaratory Judg-

ment Act was intended to assist avoidance of multiple *federal* lawsuits. Thus, the *Travelers'*s exception must be an extremely narrow one because it—avoidance of multiple pending *state court actions* by means of federal declaratory judgment—necessarily invokes the concerns of federalism and comity.

**24.** *Travelers,* 996 F.2d at 777.

**25.** CHARLES A. WRIGHT, ET AL, 17A FEDERAL PRACTICE AND PROCEDURE § 4247 (1988). *See also St. Paul Ins. Co. v. Trejo,* 39 F.3d 585, 589 (5th Cir.1994).

**26.** The *Traveler's* exception is also interesting in that it promotes judicial economy between the state and the federal judiciaries. Although such concurrent efficiency is an attractive goal, it is questionable whether it permits federal courts to limit the jurisdiction of state tribunals. Indeed, it is debatable whether in the spirit of efficiency, the court may violate the concerns set forth in *Texas Employers Ins. Assn. v. Jackson,* 862 F.2d 491 (5th Cir.1988). Respect for the sovereignty of the states, therefore, also favors limiting *Travelers* to its facts.

Therefore, the fact that the declaratory defendant in *Travelers* had done little in the state courts but had argued the merits of her suit for two years in federal court merely fortified the position that the federal court was the most efficient place for the remaining dispute to be resolved. Consequently, it wasn't the existence of a typical waiver in *Travelers* that was important. It was the defendant's actions and inaction, which incidentally amounted to waiver,[27] that were crucial.[28] Thus, although *Jackson* apparently required abstention, the Fifth Circuit, finding *Travelers* to be an extraordinary case, created an exception.

Therefore, the rule of *Travelers* permits efficiency by allowing a federal court, even though *Jackson* would ordinarily require abstention, to retain a declaratory action when there are (1) several pending state court actions (2) that have "proceeded no further than the pleading stage"[29] *and* (3) a federal declaratory action that has proceeded to a very advanced stage of litigation.[30]

2. Does the *Travelers* Exception Apply in This Case?

In this case, Canal is currently defending four Louisiana state court actions in two districts which sit in the same appellate circuit. Canal claims, therefore, that there is sufficient multiplicity to trigger the *Travelers* exception. The Court disagrees. In *Travel-*

ers, the defendant had been sued by nineteen plaintiffs in three different Louisiana district courts which sat in three different Louisiana appellate circuits and could have been required to litigate in Mississippi.[31] In this case, unlike in *Travelers*, the state court proceedings are no further along than this federal declaratory action.

Of equal importance is the fact that, unlike the declaratory defendant in *Travelers*, the defendant in this action immediately moved this Court to abstain, and the only action taken in this Court, also unlike that in *Travelers*, has been on that issue. The parties have not argued the merits of this action in this court. Finally, no more discovery has taken place in this action than has taken place in the state courts.

Consequently, because this case does not fit *Travelers'* narrow exception to the broad rule announced in *Jackson*, this Court is not authorized to issue a declaratory judgment; therefore, it *must* abstain.

Even if the Court found that this case is within the *Travelers'* s exception, it finds that a balancing of the factors announced in *Travelers* favors permissive abstention.

C. *Dismiss or Declare: Permissive Abstention*

■■■■ If a district court determines it has the authority to issue a declaratory judg-

---

**27.** The Fifth Circuit in *Travelers* relied heavily on the declaratory defendant's inaction in state court and pursuit of the merits in federal court to justify creating this exception to *Jackson*:

> Miss Hurdle filed a similar declaratory judgment suit in Louisiana district court more than two years prior to the dismissal of this federal declaratory action. However, the *state action proceeded no further than the pleading stage* by the time the federal district court dismissed this case. Indeed, *while the state case remained stagnant, this federal case moved fairly quickly:* the parties *engaged in discovery for well over a year;* the *court dismissed Travelers' claims against eighteen of nineteen defendants;* Travelers and Miss Hurdle resolved all material fact issues, and the *case proceeded to and was ripe for summary judgment.*
>
> The Court finds significant that even though Miss Hurdle had ample opportunity to do so, at no time did she ask the district court to give precedence to her state court action.... Ashley Hurdle, though aware of the courts order [to file motions raising the issues of abstention] and the [other] parties motions, filed no such motion.

*Travelers,* 996 F.2d at 777 (emphasis added).

**28.** *Id.*

**29.** *Travelers,* 996 F.2d at 777.

**30.** This court pointedly refuses to address whether *Travelers* is correct, but notes that the jurisdiction of the federal courts is limited by the Anti–Injunction Act and that that act is triggered if the first two requirements enumerated in *Jackson* are met. Thus, it is seriously questionable whether keeping a case for a long period of time can create an exception to this limit on the district court's jurisdiction. Such a result seems to indicate that jurisdiction is syphoned, so to speak, into the federal court as time proceeds and the case advances. Under such reasoning, simply by keeping a case for a long period of time, a federal court has the power to create its own jurisdiction in a case it would otherwise be prohibited from deciding.

**31.** *Travelers,* 996 F.2d at 777 and *Id.* at 777 n. 8.

ment, it nonetheless has broad discretion to abstain.[32] However, this broad discretion "is not unfettered." [33] Pursuant to *Rowan Cos., Inc. v. Griffin*,[34] in exercising its discretion, the court must address and balance on the record the purposes of the declaratory Judgment Act and the factors relevant to the abstention doctrine.[35] If it does not, it abuses its discretion *per se*.[36] The relevant factors this Court would have to consider if it found that this case fell within the *Travelers's* exception are:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, (3) whether the plaintiff engaged in forum shopping in bringing the suit (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, (5) whether the federal court is a convenient forum for the parties and witnesses, and (6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy.[37]

■ The first factor supports abstention. There are four state court actions in which the coverage issue in this action could be fully litigated. The second (anticipatory filing) and third (forum shopping) factors also favor abstention. Because these matters will be resolved in the state court actions, it appears Canal Indemnity has forum shopped at least to some degree. Although choosing a forum to avoid multiple litigation may be consistent with the purposes of the Declaratory Judgment Act, this case does not involve such a degree of multiplicity that it justifies encouraging forum shopping of this sort. There are only four cases in two Louisiana

district courts, both of which sit in the same Louisiana appellate circuit.

The fourth factor—possible inequities—does not weigh in favor of either abstention or retention. The fifth factor—convenience—favors abstention. The accident and deaths occurred in Ascension parish, and Ascension Parish is a more convenient forum for the parties and witnesses. Further, unlike *Travelers* in which it was extremely inconvenient after two years of litigation in federal court to pack up the case and start over in dormant state court action, this declaratory action has proceeded no further than the issue of abstention and has been in this Court for less than one year. Therefore, it would be more convenient to all involved to keep the total number of lawsuits concerning this matter to the four already existing in state court than to increase that total to five by retaining this declaratory action in federal court.

Similarly, the sixth factor—judicial economy—likewise favors abstention. Although *Travelers* found that judicial economy was served when a federal court retains a case involving multiple state court actions, that case was extraordinary. There, the extent to which the case had proceeded in federal court made retention of it judicially efficient. Because this action has proceeded no further than the four state court actions, the Court finds that retaining the case would not so serve judicial efficiency that encroaching the jurisdiction of the state courts is justified. Thus, even if this Court *could* issue a declaratory judgment in this case, it *should not* according to the balance of the factors enumerated in *Travelers*.

Therefore,

IT IS ORDERED that defendants motions to dismiss be and each is hereby GRANTED.

---

**32.** *See Travelers*, 996 F.2d at 778. *See also* 28 U.S.C. § 2201 which states, in part: "any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration...." (emphasis added). *See Trejo*, 39 F.3d at 590.

**33.** *Travelers*, 996 F.2d at 778.

**34.** 876 F.2d 26, 28–29 (5th Cir.1989).

**35.** *Travelers*, 996 F.2d at 779.

**36.** *See Id.* at 778.

**37.** *Id.* at 778 (citation omitted). In *Trejo*, 39 F.3d at 591, the Fifth Circuit recently added another factor to this list: "Whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending." *Id.*

Plaintiff's action for declaratory judgment is dismissed without prejudice. Judgment shall be entered accordingly.