**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 96-50618
Summary Calendar

NORTHFIELD INSURANCE COMPANY,

Plaintiff-Counter Defendant-Appellant,

VERSUS

THE WOMEN & CHILDREN'S RESOURCE CENTER, INC., doing business as
The Family Conflict Center,

Defendant-Appellee

JAN ZARAZINSKI,

Defendant-Counter Claimant-Appellee.

Appeal from the United States District Court
For the Western District of Texas
(SA-96-CV-624)

April 15, 1997

Before JONES, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a declaratory judgment action.

Northfield Insurance Company ("Northfield") filed its original

---

[*] Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

1

complaint alleging that Jan Zarazinski ("Zarazinski") had sued Women & Children's Resource Center, Inc. ("WCRC") in a Texas state court, that Northfield issued a policy of liability insurance to WCRC, but that the insurance policy did not cover the claim or damages sought by Zarazinski. Northfield sought a declaratory judgment that it has no duty to defend WCRC in the suit brought by Zarazinski or to indemnify WCRC in the event of an adverse judgment. Four days after Northfield filed its declaratory judgment suit, the district court issued an order advising Northfield that it questioned whether this suit presented a justiciable controversy and whether abstention would be proper, and invited Northfield to brief these issues. After briefing, the district court dismissed the declaratory judgment action, concluding that "this matter should be dismissed either because no justiciable controversy exists or under the abstention doctrine."

We review the dismissal of a declaratory judgment action under an abuse of discretion standard. *Rowan Companies, Inc. v. Griffin*, 876 F.2d 26, 29 (5th Cir. 1989).

A complaint requesting a declaration of an insurer's duty to defend a pending liability lawsuit presents a justiciable controversy. *Maryland Cas. Co v. Pacific Coal & Oil Co.*, 312 U.S. 270, 270-273 (1941). The district court's conclusion that no justiciable controversy exists is therefore error.

Further, a district court abuses its discretion when it does

not address and balance "the purposes of the Declaratory Judgement Act and the factors relevant to the abstention doctrine on the record." *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.,* 996 F.2d 774, 778 (5th Cir. 1993). In *Travelers*, we listed six factors that a district court must consider on the record, although the district court is free to consider additional factors. *Id.* The Order requesting briefing indicates that the district court inquiry focused on whether Texas courts provide an adequate alternative for resolution of the dispute. It is not clear what, if any, of the *Travelers* factors the district court actually considered in dismissing this suit. Because the district court did not consider all of the relevant factors, we hold that it abused its discretion in dismissing the suit. *See id*. at 779.

REVERSED and REMANDED.