**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

_____

**No. 00-30283**
_____

**NORTH CENTRAL OIL CORPORATION; COMMERCIAL
UNDERWRITERS INSURANCE COMPANY,**

**Plaintiffs-Appellants,**

**VERSUS**

**R & B FALCON DRILLING USA, INC.,**

**Defendant-Appellee.**

_____

Appeal from the United States District Court
For the Eastern District of Louisiana
(99-CV-3851-C)
_____

December 4, 2000

Before HIGGINBOTHAM and DeMOSS, Circuit Judges, and KENT, District Judge.[*]

PER CURIAM:[**]

North Central Oil Corporation ("North Central") and Commercial Underwriters Insurance Company ("CUIC") appeal the district court's order dismissing without prejudice their complaint for declaratory

_____

[*]District Judge of the Southern District of Texas, sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relief against R & B Falcon Drilling USA, Inc. ("Falcon").

On August 30, 1999, Ordie and Betty Perro sued Falcon in Louisiana state court, seeking recovery for an alleged injury aboard a Falcon vessel. On November 16, Falcon filed a Third Party Demand against North Central and certain underwriters, claiming that North Central owes Falcon a duty to defend and to indemnify under the Master Drilling Agreement.[1] On December 23, 1999, North Central and CUIC filed suit in federal court, requesting a declaratory judgment that North Central and CUIC do not owe Falcon a duty to defend and to indemnify. Subsequently, Falcon moved to dismiss North Central and CUIC's complaint. After weighing the factors germane to whether a district court should entertain a declaratory action, as outlined in *Travelers Insurance Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 778 (5th Cir. 1993), the district court found that those factors militated in favor of abstention.

We review the district court's decision for abuse of discretion. *Id.* Having carefully reviewed the briefs, relevant portions of the record, the oral arguments of counsel, and the *Travelers* factors, we conclude that the district court did not abuse its discretion. Accordingly, the district court's order is

---

[1] Ultimately, those underwriters were dismissed from the state court suit, and CUIC was later impleaded.

2

AFFIRMED.[2]

---

[2]In light of our decision, we dismiss as moot any motions carried with this appeal.