**KILPATRICK LIFE INSURANCE COMPANY**

v.

**J. Paris MURCHISON, et al.**

**Civil Action No. 96–0826.**

United States District Court, W.D. Louisiana, Alexandria Division.

Dec. 16, 1996.

---

H. Gregory Walker, Jr., Stacy C. Auzenne, Walker Passman & Michiels, Alexandria, LA, for Kilpatrick Life Insurance Co.

Charles O. LaCroix, LaCroix & Levy, Alexandria, LA, for J. Paris Murchison.

## RULING

LITTLE, Chief Judge.

Pending before this court is plaintiff's motion for summary judgment and defendant J. Paris Murchison's motion to dismiss. The court does not express any opinion on the merits of the motion for summary judgment, and pretermits consideration of the motion. In response to the motion to dismiss, this proceeding is STAYED until further notice from the court.

## I. BACKGROUND

Plaintiff, Kilpatrick Life Insurance Company (formerly known as Central State Life Insurance, and hereinafter "Kilpatrick"), received a mortgage on a parcel of land in the City of Alexandria ("subject property") from John and Joyce Marzullo in 1981. The Marzullos later defaulted on their property taxes and, in 1991, the property was sold at a tax sale to defendant J. Paris Murchison ("Murchison"). Subsequently, the Marzullos defaulted on their mortgage payments. Kilpatrick secured a state court order for the sale of the subject property and Ghassan Ajlani purchased the property at a sheriff's sale on 8 March 1995.

In February 1995, Murchison filed suit in the Ninth Judicial District Court, Rapides Parish, Louisiana to resolve the ownership of the subject property. Kilpatrick's attorney was notified of the proceeding. A third party demand was filed on 16 June 1995, naming Kilpatrick as a third party defendant in the state case. Kilpatrick answered this demand on 18 August 1995, and filed cross claims as well as an answer to an amended demand on 2 October 1996.

Judge Johnson presided over a trial of the state case on 8 October 1996. In his reasons for judgment, filed on 28 October 1996, Judge Johnson identified the "sole issue" in the case as "whether the 1991 tax sale is valid." Relying on the *Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) and *Parkview Oak Subdivision Corp. v. Tridico,* 667 So.2d 1101 (La.Ct.App. 1st Cir.1995), Judge Johnson found that the Due Process Clause required that a party affected by a tax sale must receive actual notice of the pending sale. Citing "evidence and testimony" received by the court, the judge further found that Kilpatrick was entitled to, but did not receive, actual notice of the sale. Although finding that Kilpatrick acquired knowledge of the pending sale, the court found that such knowledge did not waive *Mennonite* notice. The state court concluded that the 1991 tax sale was null and void, and proceeded to decide a number of ancillary state claims. Judge Johnson did not rule on the constitutionality of the overall state notification scheme.

Kilpatrick filed this declaratory judgment action on 8 April 1996 asking this court (1) to declare the 1991 tax sale on the subject property void, (2) to declare that the 1981 mortgage was not extinguished by the 1991 tax sale, and (3) to provide all other just and equitable relief. In support of its claim, plaintiff argues that the City of Alexandria failed to provide it with actual notice of the pending tax sale, in violation of the Due Process Clause of the Fourteenth Amendment of the Constitution as it has been construed by the Supreme Court in *Mennonite.* On 16 September 1996, plaintiff filed a mo-

tion for summary judgment. Murchison filed a memorandum in opposition to summary judgment, as well as a motion to dismiss on 1 October 1996.

In its memorandum in support of dismissal, Murchison argues that declaratory relief is not appropriate because of the pending state lawsuit. Defendant alleges that the federal suit will not dispose of all issues, that there is no factual controversy, and that the plaintiff is engaged in forum shopping. Plaintiff counters that this case clearly falls within the discretion of the court to adjudicate, that many of the state controversies could be rendered moot by this court's ruling on the federal constitutional issue, and that the state court could not render a valid ruling on the constitutionality of the state notification scheme because of the failure to serve the state attorney general. Kilpatrick additionally denies that it has engaged in any iniquitous conduct, such as forum shopping.

## II. LAW AND ANALYSIS

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them," and the pendency of a claim in state court does not bar an action on the same matter in federal court. *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976) (citations omitted); *accord Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 13, 103 S.Ct. 927, 935–36, 74 L.Ed.2d 765 (1983). As to suits seeking declaratory judgments, however,

> the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.

*Wilton v. Seven Falls Co.,* —— U.S. ——, ——, 115 S.Ct. 2137, 2143, 132 L.Ed.2d 214 (1995).

In reviewing the Fifth Circuit's approach to abstention in declaratory judgment actions, the Supreme Court recently confirmed that district courts have "greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River* and *Moses Cone.*" *Wilton,* —— U.S. at ——, 115 S.Ct.

at 2142. The Supreme Court did not "delineate the outer boundaries" of the district court's discretion, but in the unanimous ruling the Court specified that the parallel state proceeding must present an "opportunity for ventilation" of the relevant issues. *Id.* at ——, 115 S.Ct. at 2144. Nevertheless, the Fifth Circuit has identified the following factors for a district court to consider:

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,

2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,

3) whether the plaintiff engaged in forum shopping,

4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist,

5) whether the federal court is a convenient forum for the parties and witnesses,

6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy.

*Travelers Ins. Co. v. Louisiana Farm Bureau Fed'n,* 996 F.2d 774, 778 (5th Cir.1993) (citations omitted). These factors are not exhaustive, exclusive, or mandatory. *Granite State Ins. Co. v. Tandy Corp.,* 986 F.2d 94, 96 (5th Cir.1992), *cert. granted,* 506 U.S. 813, 113 S.Ct. 51, 121 L.Ed.2d 21, *cert. dismissed,* 507 U.S. 1026, 113 S.Ct. 1836, 123 L.Ed.2d 463 (1993) (citing *Rowan Co. v. Griffin,* 876 F.2d 26, 28–29 (5th Cir.1989).

In the instant case, the declaratory judgment plaintiff· seeks to resolve the issue of the validity of the 1991 tax sale. The Supreme Court's decision in *Wilton* suggests that, in determining whether to defer to the concurrent state proceeding, we must determine whether the claims may be adjudicated in that proceeding. Here, not only does the "opportunity for ventilation" of the plaintiff's claim in the state court proceeding exist, but it already has been fully reviewed in a trial on the merits. Although the declaratory judgment plaintiff was not a defendant in the state suit, it knew about the action at the

time it was commenced, and it was ultimately made a party. Moreover, Kilpatrick's legal arguments have been considered by the state court. In its written "Reasons for Judgment," the state court found that *Mennonite*'s notice requirements were not met, that Kilpatrick was denied due process, and that the tax sale is void. In short, the state court ruled on the precise question that the declaratory judgment plaintiff would have this court decide.

Finding that there has been a full review of the relevant issues by a court of competent jurisdiction and that judicial economy dictates that this court defer to such a review, we must stay our involvement in this case. *Wilton,* —— U.S. at —— n. 2, 115 S.Ct. at 2143 n. 2 ("[W]here the basis for declining to proceed is the pendency of a state proceeding, a stay will often be the preferable course, insofar as it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy.")

### III. CONCLUSION

For the foregoing reasons, this court pretermits consideration of plaintiff's motion for summary judgment and orders this action STAYED pending further notice.