### SHEFFIELD INSURANCE CORPORATION

v.

### RIVER PRODUCTS, INC., et al.

**Civil Action No. 96–2209.**

United States District Court,
E.D. Louisiana.

Feb. 6, 1997.

---

John Michael Grimley, Jr., Galloway, Johnson, Tompkins & Burr, New Orleans, LA, James M. Tompkins, Galloway, Johnson, Tompkins & Burr, Houston, TX, for Plaintiff.

1. Mr. Lalonde is not a party to this litigation.

2. Maintenance Drilling, Inc. was the only named defendant in the original petition.

   Mr. Lalonde's state court suit was filed pursuant to the "Savings to Suitors" Clause of 28 U.S.C. § 1333.

Carl J. Hebert, Benjamin Henry Farrow, Evans & Co., New Orleans, LA, for Defendants.

## ORDER AND REASONS

FALLON, District Judge.

Before the Court is defendants River Products, Inc., Magnolia Holdings, Inc., and Maintenance Dredging, Inc.'s motion to stay proceedings. For the following reasons, the defendants' motion to stay proceedings pending the resolution of the state court matter entitled *Terry Jude Lalonde v. Maintenance Dredging, Inc.* (Docket No. 35105 "C") is GRANTED.

## BACKGROUND

This action for declaratory judgment filed by the plaintiff, Sheffield Insurance Corporation (Sheffield), arises out of an injury allegedly sustained by Terry J. Lalonde on or about January 6, 1995.[1] At the time of the alleged incident, Mr. Lalonde was employed by Maintenance Dredging, Inc. who is a defendant in the above captioned declaratory judgment action. As part of his employment, Mr. Lalonde was working aboard a crane barge when he asserts that he sustained an electrical shock causing him personal injury.

On April 8, 1996, Mr. Lalonde filed a lawsuit in the 40th Judicial District Court, State of Louisiana against Maintenance Dredging alleging various claims under the general maritime law of unseaworthiness, for maintenance and cure and Jones Act negligence.[2] All of Mr. Lalonde's state court allegations necessarily hinge on his assertion that he is entitled to seaman status. Subsequently, the state court suit was amended for a second time[3] in December 1996 wherein Sheffield was named as a defendant pursuant to Louisiana's direct action statute. La.Rev.Stat. Ann. 22:655 (West 1995).

3. Mr. Lalonde's state court petition was first amended to add Polaris Insurance Company who is not a party to this matter.

In between the filing of Mr. Lalonde's original suit in April 1996 and his second amended petition naming Sheffield Insurance Corporation, Sheffield filed the instant declaratory judgment action seeking a determination of various coverage issues.[4] The resolution of these issues will require the Court to make certain findings with regard to Mr. Lalonde's seaman status and the liability of Maintenance Dredging, all of which are currently pending in the state court matter. The defendants have moved for a stay of this declaratory judgment action contending that the issues involved are fully determinable by the pending state court proceeding and that continuing with this action would be needlessly duplicative.

### *ANALYSIS*

■ The Declaratory Judgment Act is a procedural mechanism designed to provide parties a new remedy in federal court, however, it does not act to confer jurisdiction. *Days Inns of America, Inc. v. Reno*, 935 F.Supp. 874, 877 (W.D.Tex.1996). A court need not provide a party with declaratory judgment relief on request "as this is a matter left to the district court's sound discretion." *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 4 F.3d 401, 404 (5th Cir.), *reh'g denied*, 9 F.3d 105 (5th Cir.1993), *cert. denied*, 511 U.S. 1004, 114 S.Ct. 1370, 128 L.Ed.2d 47 (1994).

■ The Declaratory Judgment Act provides that "in a case of actual controversy within its jurisdiction, ... any court of the United States, ..., may declare the rights and other legal relations of any interested party seeking such a declaration...." 28 U.S.C. § 2201(a). Since its inception, the Act "has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 2137, ——, 115 S.Ct. 2137, 2142, 132 L.Ed.2d 214 (1995). In exercising its discretion, a district court is authorized to stay or to dismiss an action seeking declaratory judgment. *Id.* When the basis for declining to proceed is the pendency of a state court proceeding, as is the case here, a stay is

often the preferable course. *Id.* at ——, n. 2, 115 S.Ct. at 2143, n. 2.

■ Although the district court's discretion is broad, it is not unfettered. Courts may not dismiss requests "for declaratory judgment relief on the basis of whim or personal disinclination.'" *Rowan Cos., Inc. v. Griffin*, 876 F.2d 26, 28–29 (5th Cir.1989) (quoting *Hollis v. Itawamba County Loans*, 657 F.2d 746, 750 (5th Cir.1981)). The Fifth Circuit has set out several factors which the district court must consider when deciding whether to hear a declaratory judgment action, which include, but are not limited to, 1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy. *Travelers Ins. Co. v. Louisiana Farm Bureau Federation, Inc.*, 996 F.2d 774, 778 (5th Cir.1993). The Supreme Court has recently simplified the above test by stating that whether the district court should exercise its discretion comes down to considerations of practicality and wise judicial administration. *Wilton*, 515 U.S. at ——, 115 S.Ct. at 2143.

In *Wilton v. Seven Falls Company, supra*, the Supreme Court affirmed a Fifth Circuit decision upholding a district court's ruling to stay a declaratory judgment action pending the resolution of a later-filed state court suit. The *Wilton* court found that the issuance of such a stay was not an abuse of the trial court's discretion. Additionally, this Court has held previously that the existence of a properly filed Jones Act case in state court, absent bad faith, requires dismissal of a declaratory judgment act which arises out of the same set of facts. *Belle Pass Towing Corp. v. Cheramie*, 763 F.Supp. 1348, 1355 (E.D.La.1991); *See also Great Lakes Dredge*

---

4. The instant matter was filed on June 28, 1996.

*and Dock Co. v. Ebanks,* 870 F.Supp. 1112 (S.D.Ga.1994). The *Belle Pass* court considered the unique aspects of the Saving to Suitors Clause and the possible preclusive effects a federal court action would have on a suitor's state court Jones Act case in its reasoning. *Belle Pass,* 763 F.Supp. at 1355.

■ After a review of the law and facts surrounding the above captioned matter, this Court, in the exercise of its discretion, finds that this declaratory judgment action should be stayed pending the resolution of the state court matter. First, the pending action in state court can fully resolve all of the issues between the parties since Sheffield is now a party to that litigation.[5] Second, staying this action will avoid duplicative litigation while allowing the parties to reopen the case without the risk of a time bar if, for any reason, the state court case fails to resolve the matter in controversy. *See Wilton,* 515 U.S. at —— n. 2, 115 S.Ct. at 2143 n. 2 (1995). Third, the state court matter is capable of fully litigating all of the issues raised in this declaratory judgment action. Additionally, it would be inequitable to allow the declaratory judgment plaintiff to gain precedence in time over the state court plaintiff. Moreover, retaining this lawsuit in federal court would not serve the purposes of judicial economy. Finally, Mr. Lalonde's rights under the Savings to Suitors Clause will be preserved, along with the rights of these defendants to have those issues raised in this matter decided by a jury in state court, by a stay of this action.

In summary, considerations of practicality and wise judicial administration necessitate staying this matter pending a resolution of the pending state court case.

### CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the defendants' motion is GRANTED and that this action is STAYED for administrative purposes pending the resolution of the state court matter.

5. The fact that Sheffield has yet to answer the state court suit is of no moment. The petition asserting a claim against Sheffield has been filed and acknowledged by Sheffield and is properly

It is further ordered that the clerk close this case for statistical purposes.

considered as a factor by this Court. *See also* Defendants' Exhibit Affidavit of Mr. Lalonde's Attorney.