**ROWAN COMPANIES, INC.**

v.

**Larry D. AINSWORTH.**

**No. CIV. A. 97–1149.**

United States District Court,
W.D. Louisiana,
Alexandria Division.

April 28, 1998.

David A Hurlburt, George D. Ernest, III, Hurlburt Privat & Monrose, Lafayette, LA, for Plaintiff.

Howard N. Nugent, Jr., D. Reardon Stanford, Alexandria, LA, for Defendant.

## RULING

LITTLE, Chief Judge.

Before this court is defendant's motion to dismiss. For the following reasons, this motion is DENIED.

---

[1.] Defendant acknowledges that a state suit is pending; however, he does not provide the date

### I. *Background*

On 7 November 1995, the defendant, Larry D. Ainsworth, allegedly sustained an injury to his back and left arm while working aboard a rig owned by plaintiff, Rowan Companies, Inc. ("Rowan"). Ainsworth was examined at the hospital and placed on light duty pending an examination by his personal physician. In December of 1995, Ainsworth resigned from his employment with Rowan and started working as a crane operator at Hercules Offshore ("Hercules"). Defendant claims that in April 1997 he experienced further pain and was examined by Dr. John Weiss. Defendant also met with Dr. John Jackson who determined that if Ainsworth's condition did not improve spinal surgery was warranted. Plaintiff alleges that defendant's current injuries are a result of a fall he took in April 1997 while working for Hercules.

On 11 June 1997, Rowan filed a declaratory judgment action pursuant to 28 U.S.C. § 2201. In its petition, plaintiff requested the following relief: (1) examination of defendant by a physician of Rowan's choosing; (2) periodic evaluation of plaintiff by a physician of Rowan's choosing; and (3) a declaration that plaintiff has no maintenance and cure obligation to the defendant.

According to the plaintiff, defendant filed a Jones Act suit in St. Mary Parish nearly five months after the declaratory judgment action was filed.[1] Now before this court is defendant's motion to dismiss.

### II. *Analysis*

#### A. Declaratory Judgment Act

The federal district court possesses broad discretion to entertain, stay, or dismiss actions for declaratory judgment. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). The Declaratory Judgment Act provides: "any court of the United States, upon the filing of an appropriate pleading may declare the rights and other legal relations of any interested party seeking such a declaration ...." 28 U.S.C.

on which that suit was filed.

§ 2201(a). Although the court's discretion is broad, it is not unfettered. The court may not dismiss a declaratory judgment action "on the basis of whim or personal disinclination." *Rowan Cos., Inc. v. Griffin,* 876 F.2d 26, 28–29 (5th Cir.1989) (citations omitted).

In exercising its discretion, the court may consider many factors. The Fifth Circuit has described specific factors in two leading cases, *Rowan Cos., Inc. v. Griffin,* 876 F.2d 26 (5th Cir.1989) and *Travelers Ins. Co. v. Louisiana Farm Bureau Fed., Inc.,* 996 F.2d 774 (5th Cir.1993). Although both cases address declaratory judgment actions, the court in *Rowan* identified four factors, whereas the *Travelers* court discussed six factors. In both cases, the court held that the factors were not "exhaustive, exclusive, or mandatory." *Kilpatrick Life Ins. Co. v. Murchison,* 955 F.Supp. 60, 62 (W.D.La.1996). While the two cases involve different factual and procedural scenarios, the factors are virtually identical. Subsequent courts have applied both cases without distinction. *See, e.g., Sheffield Ins. Corp. v. River Products, Inc.,* 958 F.Supp. 270 (E.D.La.1997)(applying six factors); *Kilpatrick,* 955 F.Supp. at 60 (applying six factors); *Coastal Towing, Inc. v. Thomas,* Civ. A. No. 96–2596, 1997 WL 598474 (E.D.La. Sept. 25, 1997)(applying four factors); *Norman Offshore Pipelines, Inc. v. Romero,* No. Civ. A. 96–1758, 1997 WL 38148 (W.D.La. Jan.15, 1997)(applying four factors).[2] This court chooses to apply the most recent Fifth Circuit opinion, *Travelers.* In addition, the six factors in *Travelers* provide a more comprehensive analysis.

■ In *Travelers,* the court set forth the following nonexclusive factors:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated,

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant,

(3) whether the plaintiff engaged in forum shopping in bringing the suit,

(4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist,

(5) whether the federal court is a convenient forum for the parties and witnesses, and

(6) whether retaining the lawsuit in federal court would serve the purpose of judicial economy.

996 F.2d at 778.

### B. Application of *Travelers* Factors

#### 1. Pending State Court Action

■ Although there is a pending state law claim in which all issues could be fully litigated, this factor is not dispositive.[3] In addition, the state suit has been stayed pending this court's outcome.

#### 2. Anticipatory Filing

■ There is no evidence that the plaintiff filed this declaratory judgment action in anticipation of a lawsuit by the defendant. The declaratory judgment action, in fact, was filed more than a year after the alleged accident occurred. The plaintiff is not required to wait indefinitely for the defendant employee to act. *See Government Employees Ins. Co. v. LeBleu,* 272 F.Supp. 421, 427 (E.D.La.1967) (noting that the purpose of the Declaratory Judgment Act is "to afford one threatened with liability an early adjudication without waiting until his adversary should

---

2. The court notes that generally the four factors are utilized when considering the dismissal of a declaratory judgment action, whereas the six factors are applied when the court decides whether or not to stay the action. Other courts, however, have not made this distinction in their opinions.

3. Several Eastern District of Louisiana cases intimate that once a state law claim has been filed, the court must dismiss or stay the federal declaratory judgment action absent bad faith on the part of the defendant employee. *See e.g., Belle*

*Pass Towing Corp. v. Cheramie,* 763 F.Supp. 1348, 1355 (E.D.La.1991) (holding that "absent bad faith on the part of the defendant-employee in the federal court, a properly filed Jones Act suit requires dismissal of a declaratory judgment action which arises out of the same set of facts"). Fifth Circuit precedent, however, requires the court to weigh several factors, and does not restrict the inquiry to this one factor. *See Travelers Ins. Co. v. Louisiana Farm Bureau Fed., Inc.,* 996 F.2d 774 (5th Cir.1993).

see fit to begin an action after the damage has accrued") (citations omitted).

### 3. Forum Shopping

Nothing before the court demonstrates that the plaintiff was participating in forum shopping. The circumstances surrounding the case indicate that the plaintiff was attempting to resolve the question of liability within a reasonable time frame.

### 4. Inequity of Precedence in Time and Forum

Although allowing the declaratory judgment action to proceed could cause the plaintiff to gain precedence in forum, the resulting inequity would be minimal. This inequity, furthermore, is strongly outweighed by the interests of judicial economy.

### 5. Inconvenience of Forum to Parties and Witnesses

Alexandria would provide a more convenient forum for the parties and witnesses in this case. Most of the medical witnesses are located in Alexandria, and the defendant resides in Jena.

### 6. Interests of Judicial Economy

This factor weighs heavily in favor of the plaintiff. The case in federal court has proceeded well beyond that in state court. Depositions have been taken, a plan of work is in effect, and the deadline for discovery was 1 March. The state court is far behind the federal court in resolving the relevant issues. *See Travelers Ins. Co. v. Louisiana Farm Bureau Fed.*, 996 F.2d 774, 779 (5th Cir.1993). The interests of judicial economy mandate that this court proceed with the declaratory judgment action.

### III. *Conclusion*

After weighing the relevant factors, the court has determined that the interests of judicial economy and fairness would best be served by denying defendant's motion to dismiss.