# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 99-60184
Summary Calender

CANAL INSURANCE COMPANY,

Plaintiff - Counter Defendant - Appellee,

v.

DANNY E. SMITH, ET AL.,

Defendants,

THOMAS MURRAY,

Defendant - Counter Claimant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
(3:98-CV-294)

January 20, 2000

Before REYNALDO G. GARZA, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant, Thomas Murray, was allegedly injured in a motor vehicle accident in Copiah County, Mississippi, on April 18, 1997, at approximately 6:41 a.m. The accident involved a truck owned and operated by Thomas Murray, and a log truck owned and operated by Danny E. Smith. On or about October 9, 1997, Murray filed a civil action in the Circuit Court of Copiah County, Mississippi, against Tommy Ramsey, Tommy Ramsey d/b/a Tommy Ramsey Trucking, Ramsey Timber Company, Danny Smith, and Richard Diamond. Canal Insurance Company (Canal), the

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion sho uld not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

plaintiff herein, declined to provide a defense to any of the defendants in the state court action.

On or about April 23, 1998, Canal filed a civil action against Danny E. Smith, et al., seeking declaratory relief from the district court. Specifically, Canal alleges that Danny Smith is not entitled to coverage under Canal insurance policies numbered 308242 and X02208 because those policies had lapsed for failure to renew them and were not in effect by the time of the accident. Canal therefore filed a summary judgment motion, arguing that it is entitled to judgment as a matter of law declaring that the above-mentioned policies do not obligate it to provide a defense or indemnification to any of the defendants in connection with the above subject automobile accident. Murray responded to Canal's summary judgment motion and filed a cross-motion for summary judgment. The district court granted Canal's, but denied Murray's motion for summary judgment. Murray also filed a motion to dismiss and motion to stay the district court proceedings until the conclusion of the state court proceedings, both of which were denied. This appeal followed.

## II    DISCUSSION

### A.    Summary Judgment

Murray contends that the district court committed reversible error by granting Canal's motion for summary judgment and denying Murray's cross-motion for summary judgment. This court reviews a district court's grant of a motion for summary judgment *de novo* and applies the same criteria employed by the district court. *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994). Therefore, this court will reverse the district court's ruling only if it determines that the pleadings, affidavits, and other evidence establish that there is a genuine issue of material fact and that Canal is not entitled to judgment as a matter of law. *Gardes Directional Drilling v. United States Turnkey Explor.*, 98 F.3d 860, 864 (5th Cir. 1996). *See also,* FED.R.CIV.P. 56(c). A dispute about a material fact is "genuine" if the evidence, when viewed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

2

In accordance with *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938), the district court applied the law of the State of Mississippi. At issue in this case is whether, under Mississippi law, Danny Smith's insurance policies (numbered 3008242 and x022088) remained in effect at the time of the accident on April 18, 1997. Murray contends that the two policies covered the accident in question because, according to Murray, Danny Smith was not given proper notice of cancellation as required by Mississippi law. We find, however, that the district court properly granted summary judgment in Canal's favor because the policies in question lapsed prior to the accident after Smith failed to respond to renewal notices sent to him by Canal.

The policies in question had an effective policy period from April 5, 1996 to April 5, 1997. It is undisputed that at the time Danny Smith obtained these policies from the Davis Insurance Agency, he resided at his mother's address of 2844 Old Church Drive in Wesson, Mississippi. According to the testimony of Smith's mother, he moved out of her house to a new address in March of 1997. It is also undisputed that no one informed the Davis Insurance Agency of Danny Smith change of address. Canal presented the district court with affidavit and deposition testimony indicating that on March 7, 1997 and March 28, 1997, the Davis Insurance Agency mailed identical notices of renewal to Danny Smith at the Old Church Drive address, which was the address listed on the policies. These notices stated:

> Your commercial auto policy comes up for renewal on 4-5-97. Your renewal premium will be $3,066.12. You can pay a downpayment of $1015,12 and have [] monthly payments. Please contact me before 4-5-97 and let me know whether or not you want to renew this policy.

Additionally, Canal allegedly sent Smith a cancellation notice on April 7, 1997, which states:

> Your commercial auto policy expired on 4-5-97. At this time there is not any coverage on your vehicle. If you want to take out a new policy please contact me as soon as possible.

Danny Smith denies having received any of the notices and further alleges that he was unaware that his policies had lapsed by the time of the accident. However, Smith's mother testified that she received at least two envelopes addressed to her son from the Davis Insurance Agency prior to the accident on April 18, 1997. She testified that she did not open these

**3**

envelopes but instead marked out the old address, placed Danny Smith's new address on the envelopes and placed them in the mail. It is also undisputed that Danny Smith's file at the Davis Insurance Agency revealed that the only letters or documents sent to Danny Smith from Davis Insurance Agency from March of 1997 through April of 1997, were the afore-mentioned notices of renewal and cancellation.

Murray contends that Danny Smith was not provided proper notice of the cancellation of his polices in accordance with Sections 83-11-5, 83-11-7, and 83-11-9 of the Mississippi code, and therefore the policies remained in effect at the time of the April 18, 1997 accident. However, those sections apply where the insurance company seeks to cancel a policy or refuses to renew a policy. Those sections do not apply where, as here, the insurance company clearly indicated a willingness to renew the policy subject to payment of the policy premiums.

Section 83-11-7 of the Mississippi code provides:

Non-renewal. No insurer shall fail to renew a policy unless it shall mail or deliver to the named insured, at the address shown in the policy, at least thirty (30) days advance notice of its intention not to renew. This section shall not apply:

(a) if the insurer has manifested its willingness to renew, subject to certain specified conditions which are the insured; nor . . .

(c) in cases of nonpayment of premium . . . .

Section 83-11-7 is inapplicable because Canal manifested its willingness to renew the policies subject to payment of the premiums and Murray never paid those premiums. *See Willis v. Mississippi Farm Bureau Mutual Ins. Co.*, 481 So.2d 256 (Miss.1985) (holding that where insurance company sent premium due notice indicating willingness to renew to insured sixteen days before expiration of policy period, section 83-11-7 required no further notice of nonrenewal obligation).

Nor do Sections 83-11-5 or 83-11-9 apply. Section 83-11-5 provides that

No notice of *cancellation* of a policy to which Section 83-11-3 applies shall be effective unless mailed or delivered by the insurer to the named insured at least thirty (30) days prior to the effective date of cancellation; provided however, that where cancellation is for nonpayment of premium at least ten (10) days' notice of cancellation accompanied by the reason therefore shall be given. Unless the reason

**4**

accompanies or is included in the notice of cancellation, the notice of cancellation shall state or be accompanied by a statement that upon written request of the named insured, mailed or delivered to the insurer not less than fifteen (15) days prior to the effective date of cancellation, the insurer will specify the reason for such cancellation.

This section shall not apply to nonrenewal.

Miss. Code Ann. § 83-11-5 (1972)(emphasis added). Section 83-11-9 of the Mississippi Code provides:

Proof of mailing of notice of *cancellation*, or of *intention not to renew*, or of reasons for cancellation to the named insured by a certificate of mailing, at the address shown in the policy, shall be sufficient proof of notice.

Miss. Code Ann. § 83-11-9 (1972) (emphasis added).

Section 83-11-5 is inapplicable because its last sentence provides that it shall not apply to non-renewal. By its terms, this section is limited to cancellation cases whereas Section 83-11-9 is limited by its terms to cancellation and refusal to renew cases. However, this case is not a cancellation or a refusal to renew case since Canal offered Murray the opportunity to renew the subject insurance policies. In this case, the notices sent by Davis Insurance Agency on March 7 and 28 of 1997, to the address listed on the policy, clearly indicated a willingness to renew the policy subject to the premiums being paid by April 5, 1997. The policy terms and notices made clear that payment of the renewal premiums was a condition precedent to the continuation of the coverage under the policies.

For the afore-mentioned reasons, Sections 83-11-5, 83-11-7, and 83-11-9 of the Mississippi code do not apply in this case. Thus, nothing in the code cited by Murray requires more notice than was given. Accordingly, Section 83-11-9's requirement that the insurance company provide a certificate of mailing to prove that it mailed the premium notices does not apply in this case. There is no genuine issue of material fact as to whether those notices were mailed. The undisputed evidence, in the form of an affidavit by a Davis Insurance Agency Employee, shows that Canal mailed such notices to the address stated on the premiums. The evidence further shows that those notices were the only mail sent by Davis Insurance Agency to

**5**

Danny Smith during the time period in question, and that Murray's mother received two letters from Canal and attempted to mail them to her son's new address. In light of this evidence, Murray's bare denial of his having received these notices, unsupported by any other evidence in the record, is insufficient to create a genuine issue of material fact regarding whether sufficient notice was given to effect the termination of the insurance policies.

We further note that even assuming Sections 83-11-5 and 83-11-9 apply, the subject policies lapsed before the date of the accident because proper notice was given under the terms of the policy and Mississippi law. Both of the Canal policies provide as follows:

> 10. Cancellation: This policy may be canceled by the named insured by surrender thereof to the company a written notice stating when thereafter the cancellation shall be effective. *This policy may be canceled by the company mailing to the named insured at the address shown in this policy, written notice stating when not less than ten (10) days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice.* The time of surrender or effective date and hour of cancellation stated in the notice shall become the end of the policy. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing. (emphasis added).

The Fifth Circuit, in addressing these provisions of the Mississippi code and policy terms similar to those in this case, held that where an insurance company has indicated a willingness to renew a policy, subject to payment owed, the Mississippi insurance code does not require the company to send "any more detailed notice than the billing and renewal statement." *Estate of Beinhauer v. Aetna Cas. & Sur. Co.,* 893 F.2d 782, 785 (5th Cir. 1990) (explaining *Willis v. Miss. Farm Bureau Mut. Ins. Co.,* 481 So.2d 256 (Miss. 1985) (holding that automobile coverage did not remain in effect three weeks after expiration of policy when insured failed to timely pay renewal premium)). In *Willis*, 481 So.2d. at 259-260, the Mississippi Supreme Court held that the requirements of Sections 83-11-9 and 83-11-5 were met where an insurance company sent a premium notice to the insured sixteen days before the insurance policy was to expire. The *Willis* court noted that since the notice made clear that payment of the premium was a condition precedent to the renewal and continuation of the policy, that notice was sufficient to meet the requirements of Section 83-11-9. *Id.* As to Section 83-11-5, the *Willis* court went on

**6**

to explain that *if* that Section were applicable, the court would apply the ten day notice period for cancellation due to non-payment of premium. The *Willis* court concluded that because the insurance company mailed the premium due notice sixteen days before the policy was to expire, sufficient notice was given under Section 83-11-5. *Id.*

*Willis* clearly controls this case. As we have already discussed, the notices sent by Davis Insurance Agency on March 7 and 28 of 1997, to the address listed on the policy, clearly indicated a willingness to renew the policy subject to the premiums being paid by April 5, 1997. The policy terms and notices made clear that payment of the renewal premiums was a condition precedent to the continuation of the coverage under the policies. Therefore, the ten days notice requirement of the policies and of Section 83-11-5 were easily satisfied as construed by the Mississippi Supreme Court in *Willis*. Finally, Section 83-11-9, as construed by *Willis*, was satisfied upon the mailing of the notices to Danny Smith's address as listed in the policies.

In conclusion, nothing in the Mississippi code requires more notice or proof of notice of the termination of the insurance policies than was given. Murray has created no genuine issue of material fact regarding whether Canal provided sufficient notice that the insurance policies would expire upon failure to renew those premiums. It follows that the insurance policies issued to Murray had lapsed prior to the accident in question. We therefore affirm summary judgment declaring that the policies issued to Danny Smith do not obligate Canal to provide any defense or indemnity to any of the defendants in the subject automobile accident.

B.    Motion to Stay Proceedings.

Next, Murray contends that the district court abused its discretion by denying his motion to dismiss, or alternatively, to stay the district court proceedings until the resolution of the Mississippi State court proceedings. District courts have discretion to decide whether to exercise jurisdiction over cases brought under the Declaratory Judgment Act. *See Wilton v. Southern Falls, Co.,* 515 U.S. 277 (1995).

We find no abuse of discretion in light of the six factors mentioned by *Traveler's Ins. Co.*

7

*v. Louisiana Farm Bureau Federation, Inc.,* 996 F.2d 774 (5th Cir. 1993), to be considered by the district court in its exercise of discretion:

1. Whether there is a pending state action in which all of the matters in controversy may be fully litigated;

2. Whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

3. Whether the plaintiff engaged in forum shopping in bringing a suit;

4. Whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to changed forums exist;

5. Whether the federal court is a convenient forum for the parties and the witnesses; and

6. Whether retaining a lawsuit in federal court would serve the purposes of judicial economy.

As to the first factor, Murray notes that Canal could have possibly litigated the insurance coverage issue in the state court proceeding under Rule 57 of the Mississippi rules of Civil Procedure. *See Lewis v. Allstate Ins. Co.*, 730 So.2d 65, 71 (Miss. 1998). However, even if this is true, this fact alone does not mandate that the district court stay the federal proceedings. Second, there is no evidence that Canal filed for declaratory judgment in anticipation of a declaratory lawsuit being filed by the underlying state court plaintiffs. Thus, Canal did not attempt to short-circuit Murray's liability action in state court by a "race to res judicata." *Traveler's*, 996 F.2d at 779. Third, Murray merely concludes, without supporting evidence, that Canal engaged in forum shopping.

Fourth, there is no evidence that possible inequities exist in allowing the declaratory judgment to proceed. Murray concludes without citing specific facts that his "ability to fully litigate all issues of damages and insurance coverage has been severely compromised." However, this is unlikely given that the liability issues of the state court action, and the coverage issues of the declaratory judgment action, were legally and factually separate. Canal was not a party in the liability action in state court and did not defend any of the defendant's in that action.

**8**

Murray offered no evidence that the district court's decision to hear the declaratory action could have prejudiced his efforts in the state court action.

Nor is there any support for the argument that the federal court was not a convenient forum. Murray merely assumes that the presence of the witnesses, investigating officers and parties in various counties in Mississippi somehow make a district court in Mississippi an inconvenient forum. However, this is not necessarily so and Murray fails to alleged that any particular difficulties arose from the federal forum.

Finally, nothing suggests that the district court's decision failed to promote judicial economy. First, as discussed, the issues addressed in the federal and state actions were separate, meaning there was no wasteful duplication of the same parallel issues at two trials. *See Agora Syndicate, Inc. v. Robinson Janitorial Specialists*, *Inc.,* 149 F.3d 371 (5th Cir. 1998) (holding that district court abused its discretion in abstaining from entertaining insurer's declaratory coverage action, in deference to state liability action to which insurer was not a party, since state and federal proceedings were not parallel and judicial economy weighed in favor of declaratory ruling); *Exxon Corp. v. St. Paul Fire and Marine Ins. Co.,* 129 F.3d 781 (holding that district court was well within its discretion in refusing to stay federal proceedings where there were no parallel state court proceedings). Second, the district court decided Canal's declaratory action prior to the trial of the underlying state court case, thereby enhancing judicial economy by potentially reducing the number of issues the state court might have to address.

In conclusion, the factors announced in *Traveler's* and in our other cases clearly support the district court's decision not to stay the declaratory proceedings. We thus affirm the district court's exercise of discretion.

III.    CONCLUSION

We hereby AFFIRM summary judgment against Thomas Murray regarding the declaratory insurance coverage claim.