United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-61023
Summary Calendar

AMERICAN BANKERS LIFE ASSURANCE
COMPANY OF FLORIDA,

                                    Plaintiff-Appellant,

versus

JEFF OVERTON,

                                    Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
(1:04-CV-133-GHD)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant American Bankers Life Assurance Company of Florida ("American Bankers") appeals the district court's dismissal of its declaratory judgment action under 28 U.S.C. § 2201. We vacate and remand.

## I. FACTS AND PROCEEDINGS

In May 2000, defendant-appellee Jeffery Overton applied for credit disability insurance under a policy ("the Policy") from American Bankers through its agent, Conseco Finance Services

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Corporation ("Conseco"), from whom Overton obtained a loan to refinance his home. The Policy's schedule states that the term of disability benefits is 12 months, with an effective date of May 8, 2000, and an expiration date of May 8, 2001.[1]

Overton became physically disabled in August 2000, three months after the effective date of the Policy. He submitted a claim for disability benefits to American Bankers, which honored the claim. American Bankers disbursed disability benefits from August 11, 2000 to May 8, 2001, the expiration date of the Policy.

Before the Policy expired, Overton asked American Bankers for assurance that he would receive disability benefits for the entire 84 months. In February 2004, Overton wrote American Bankers, asserting a claim for an additional 75 months of disability benefits. He also threatened to sue American Bankers if it ignored the deadline in the letter or denied the claim. American Bankers informed Overton that his claim was under review. Overton responded by giving American Bankers a new deadline.

When Overton heard nothing from American Bankers by the new deadline, he sued American Bankers and Beverly Taylor in Mississippi state court on May 10, 2004. American Bankers was served with notice of Overton's suit the following day.

---

[1] Overton alleges that he and Beverly Taylor, a Conseco employee, agreed that Overton would obtain disability insurance for a maximum period of 84 months, with advance payments of one year's premium and the right to renew the policy annually. Overton does not dispute the Policy's effective dates.

Unbeknownst to Overton, American Bankers — in response to Overton's intent to sue — had filed a declaratory action under 28 U.S.C. § 2201 in the United States District Court for the Northern District of Mississippi on April 23, 2004. American Bankers's complaint sought a declaration of its rights and obligations pursuant to the Policy issued to Overton. Overton was not served with notice of American Bankers's federal lawsuit until May 19, 2004, nine days after Overton had filed the state court lawsuit.

In June, American Bankers timely removed Overton's state court suit to the United States District Court for the Southern District of Mississippi, alleging diversity under 28 U.S.C. § 1332 and the fraudulent joinder of Taylor. Overton filed a motion to remand, which the Southern District granted.

In the Northern District, Overton filed a motion to dismiss, transfer, or stay American Bankers's declaratory judgment action. In October, the Northern District granted Overton's motion to dismiss. The court found that dismissal of American Bankers's declaratory judgment action was proper because (1) Overton's pending state court action was most likely a nonremovable action presenting solely state law issues,[2] (2) the claims of the parties could be satisfactorily litigated in the pending action, and (3) piecemeal litigation would occur. American Bankers timely filed its notice of appeal.

---

[2] The Southern District's remand order had not yet been issued at the time the Northern District dismissed American Banker's suit.

## II. ANALYSIS

We review a district court's dismissal of a federal declaratory judgment action for abuse of discretion.[3]

The Federal Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . <u>may</u> declare the rights and other legal realtions of any interested party seeking such declaration . . . ."[4] Although the permissive "may" in Section 2201(a) gives the district court broader discretion to decline to hear a declaratory judgment action than it has in other kinds of actions, the district court's discretion is not wholly unfettered.[5] To determine whether to decide or to dismiss a federal declaratory judgment action, a district court "<u>must</u> determine: (1) whether the declaratory action is justiciable; (2) whether the court has the authority to grant declaratory relief; <u>and</u> (3) whether to exercise its discretion to decide or dismiss the action."[6] We note at the outset the use of the conjunctive "and," requiring the district court to consider all three factors. Here, the district court failed to consider whether

---

[3] <u>The Sherwin-Williams Co. v. Holmes County</u>, 343 F.3d 383, 389 (5th Cir. 2003).

[4] 28 U.S.C. § 2201(a) (emphasis added).

[5] <u>See Vulcan Materials Co. v. City of Tehuacana</u>, 238 F.3d 382, 390 (5th Cir. 2001); <u>St. Paul Ins. Co. v. Trejo</u>, 39 F.3d 585, 590 (5th Cir. 1994); <u>Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.</u>, 996 F.2d 774, 778 (5th Cir. 1993).

[6] <u>Sherwin-Williams</u>, 343 F.3d at 387 (citing <u>Orix Credit Alliance, Inc. v. Wolfe</u>, 212 F.3d 891, 895 (5th Cir. 2000)).

4

American Banker's declaratory judgment action is justiciable and whether the court has the authority to grant relief.[7]

Further, in Trejo, we outlined seven nonexclusive factors that a district court must consider when it exercises it discretion under Orix's factor (3) to dismiss a declaratory judgment action:

> (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;
> (2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;
> (3) whether the plaintiff engaged in forum shopping in bringing the suit;
> (4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;
> (5) whether the federal court is a convenient forum for the parties and witnesses;
> (6) whether retaining the lawsuit would serve the purposes of judicial economy;
> (7) whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.[8]

We have repeatedly held that these "seven Trejo factors . . . must be considered on the record before a discretionary, nonmerits dismissal of a declaratory judgment action occurs."[9] We have

---

[7] A district court may not grant relief when: "(1) the declaratory defendant previously filed a cause of action in state court; (2) the state case involve[s] the same issues as those in the federal court; and (3) the district court is prohibited from enjoining the state proceedings under [S]ection 2283." Sherwin-Williams, 343 F.3d at 388 n. 1 (citing Travelers, 996 F.2d at 776).

[8] Trejo, 39 F.3d at 590-91; see also Sherwin-Williams, 343 F.3d at 388 (same); Vulcan Materials, 238 F.3d at 390 (same); St. Paul Ins. Co., 39 F.3d at 590-91 (same).

[9] Vulcan Materials, 238 F.3d at 390 (emphasis in original and added); Trejo, 39 F.3d at 590; Travelers, 996 F.2d at 777.

recognized that these seven factors "address three broad considerations — federalism, fairness/improper forum shopping, and efficiency."[10]  When a district court fails to consider the seven Trejo factors on the record, we have consistently made clear that it abuses its discretion.[11]

Here, the district court dismissed American Bankers's declaratory judgment action because: (1) "the pending related action brought by [Overton] appears . . . to be a nonremovable state court action presenting solely state law issues"; and (2) "the claims of the parties can satisfactorily be adjudicated in the pending relation action; both parties in this action are parties in the relation action."

We hold that the district court abused its discretion when it failed to consider the seven Trejo factors on the record.  The district court's terse analysis considered only the first factor — whether there is a pending state action in which all of the matters in controversy may be fully litigated.  Thus, it failed to consider on the record the other six Trejo factors.  Indeed, the district court's heavy reliance on the presence of solely state law issues in dismissing American Bankers's action is contrary to our precedent.  We have held more than once that when the declaratory

---

[10] Sherwin-Williams, 343 F.3d at 390-91.

[11] Vulcan Materials, 238 F.3d at 390 (quoting Trejo, 39 F.3d at 590); Travelers, 996 F.2d at 778 (citing Rowan Cos., Inc. v. Griffin, 876 F.2d 26, 28-29 (5th Cir. 1989)).

6

judgment action is properly within the district court's jurisdiction — as it is here — a district court may not dismiss that action "'simply because it does not involve a question of federal law.'"[12]

Further, as noted above, the district court failed to determine whether American Bankers's declaratory judgment action presents a justiciable controversy and whether the court may properly grant relief here.[13] In light of the district court's failure to conduct the mandated analysis on the record when it determined whether to entertain American Bankers's action, we are forced to hold that the court abused its discretion. Accordingly, we reverse its dismissal of American Bankers's declaratory judgment action.[14]

We are aware that we are authorized to review the facts of this case in light of Trejo and its factors, but we decline to do so. Although American Bankers briefed the Trejo factors comprehensively, Overton merely provides us with conclusional

---

[12] Vulcan Materials, 238 F.3d at 390 (quoting Trejo, 39 F.3d at 591 n. 10).

[13] Sherwin-Williams, 343 F.3d at 387.

[14] See United States v. Walker, 772 F.2d 1172, 1176 n. 9 (5th Cir. 1985) (noting that the term "abuse of discretion" "does not imply intentional wrong or bad faith, or misconduct, nor any reflection on the judge," but merely that "we are left with the definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." (citations and quotations omitted)).

allegations that bear on each factor at the end of his brief.[15]
Overton's brief concentrates mainly — as does American Bankers's
initial brief, to some extent — on the "first-to-file" rule.
Overton argues that this rule should not apply here because
American Bankers filed its suit in anticipation of Overton's state
court suit and did so in bad faith.  We find no indication from
case law that the "first-to-file" rule plays a part in the
circumstance that we face today — two actions pending, but one is
in <u>state</u> court and the other in <u>federal</u> court.  As American Bankers
correctly points out in its reply brief, the "first-to-file" rule
applies only when two similar actions are pending in two <u>federal</u>

---

[15] We also note that Overton's motion to dismiss in the district court provides no insight into the <u>Trejo</u> factors. Overton's district court brief merely recited the facts and procedural history of his action — with no legal authority therein.

courts,[16] which is not the case have here (especially now that the Southern District has remanded Overton's suit to state court).

## III. CONCLUSION

We vacate the district court's dismissal of American Bankers's declaratory judgment action and remand this matter to the district court for proceedings not inconsistent with this opinion, <u>viz.</u>, consideration of the <u>Orix</u> and <u>Trejo</u> factors on the record to determine whether it should exercise its discretion to entertain American Bankers's suit.

VACATED AND REMANDED.

---

[16] <u>See, e.g.</u>, <u>Cadle Co. v. Whataburger of Alice, Inc.</u>, 174 F.3d 599, 603 (5th Cir. 1999) ("Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."); <u>Save Power Ltd. v. Syntek Fin. Corp.</u>, 121 F.3d 947, 950 (5th Cir. 1997) ("The 'first to file' rule is grounded in principles of comity and sound judicial administration. The federal courts have long recognized that the principle of comity requires federal district courts — courts of coordinate jurisdiction and equal rank — to exercise care to avoid interference with each other's affairs." (citations and quotations omitted); <u>Dillard v. Merril Lynch, Pierce, Fenner & Smith, Inc.</u>, 961 F.2d 1148, 1161 n. 28 (5th Cir. 1992) ("The <u>West Gulf</u> and <u>First City</u> cases deal with the so-called first-to-file rule, which comes into play when a plaintiff files similar lawsuits in two different federal districts."); <u>West Gulf Maritime Ass'n v. ILA Deep Sea Local 24</u>, 751 F.2d 721, 729 (5th Cir. 1985) ("To avoid these ills, a district court may dismiss an action where the issues presented can be resolved in an earlier-filed action pending in another district.").