The BURLINGTON INSURANCE COMPANY Plaintiff

v.

Ram P. PURI, Individually, and d/b/a Leo's Shopping Place, and Katina McChristian on Behalf of the Known and Unknown Wrongful Death Beneficiaries of James Earl McChristian Defendants

No. Civ.A. 3:05CV233LN.

United States District Court, S.D. Mississippi, Jackson Division.

April 20, 2006.

Bertis W. Williams, Thomas H. Cassel, III, Webb, Sanders & Williams, PLLC, Tupelo, MS, for Plaintiff.

James Franklin Noble, III, Noble & Noble, Barry Wayne Howard, Barry W. Howard, Attorney, Robert F. Wilkins, Robert F. Wilkins Law Firm, Jackson, MS, for Defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of defendant Katina McChristian to dismiss or, in the alternative, to stay pro-

ceedings. Plaintiff The Burlington Insurance Company (Burlington) has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments submitted by the parties, concludes that the motion should be denied.

On December 20, 2002, James Earl McChristian was shot and killed by Antonio Williams on the premises of Singh's Liquor Store, located in Leo's Shopping Place on Martin Luther King Jr. Drive in Jackson, Mississippi. On August 30, 2004, Katina McChristian filed a wrongful death action in the Circuit Court of Hinds County, Mississippi, against the owners of Singh's Liquor Store, Ram P. Puri, Tejinder Singh and Lakbir Singh, contending that their alleged negligence in failing to provide security for their premises despite their knowledge that the store was located in a high crime area and their knowledge that Antonio Williams had a history of harassing customers on the premises. At the time of the incident, Ram Puri and Leo's Shopping Place had in place a policy of liability insurance issued by Burlington and made demand on Burlington for coverage and defense of the McChristian lawsuit. Burlington denied coverage in reliance on an exclusion for assault and battery, following which it filed the present declaratory judgment action seeking an adjudication that it has no duty to defend or indemnify under the subject policy.

█ In her motion to dismiss, Katina McChristian submits that this court is not an appropriate forum for resolution of the insurance coverage issue presented, and that the issue is instead best resolved in the state court action presently pending in Hinds County Circuit Court. In support of her position, she notes that the Mississippi Supreme Court has explicitly held that "if an insurance company can conduct a declaratory action regarding coverage prior to resolution of an underlying wrongful death trial, then the insureds and third party beneficiaries should be able to raise the coverage question in the underlying lawsuit as well." *Lewis v. Allstate Ins. Co.*, 730 So.2d 65, 71 (Miss.1998).

> Accordingly, if a question of insurance coverage exists, a party should be able to bring the insurer into a lawsuit and have the coverage question resolved by the judge.... This procedure ... promotes judicial economy by allowing coverage questions to be resolved at the same time as the underlying lawsuit.

*Id.* Ms. McChristian contends that "a proper vehicle exists for insurance coverage determination in the underlying state court action," namely a motion to determine insurance coverage which she recently filed in her state court action, and that the interests of the parties and of judicial economy would best be served by allowing the state court to adjudicate "all issues at the same time."

█ In response to Ms. McChristian's motion, Burlington correctly observes that the fact that the insurance coverage issue is capable of determination in the state court action does not mean that this court should itself decline to decide the coverage issue. Rather, this court's decision whether to adjudicate a declaratory judgment action involves three inquiries: "(1) is it justiciable; (2) does the court have the authority to grant such relief; and (3) should it exercise its discretion to decide the action based on the factors stated in *St. Paul Insurance Co. v. Trejo*, 39 F.3d 585 (5th Cir.1994)." *AXA RE Property & Casualty Ins. Co. v. Day*, 162 Fed. Appx. 316, 2006 WL 133532, at *2 (2006) (citing *Orix Credit Alliance, Inc. v. Wolfe*, 212 F.3d 891 (5th Cir.2000)).[1] The Fifth Cir-

---

1. Similar to this case, *AXA* involved a wrongful death action that had been filed in Louisiana state court against an AXA insured prior

cuit elaborated on these factors in *AXA*, explaining as follows.

■ First, a declaratory judgment action is justiciable if " 'it can presently be litigated and decided and is not hypothetical, conjectural, conditional or based upon the possibility of a factual situation that may never develop,' " *id.* (citations omitted), a requirement that is clearly satisfied here. Second,

> "a district court may not consider the merits of the declaratory judgment action when 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, *and* 3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act."

*Id.* at \*3 (quoting *Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc.*, 996 F.2d 774, 776 (5th Cir.1993)) (emphasis in original). Here, although Ms. McChristian has filed a motion to determine insurance coverage in which she purports to have raised the coverage question involved in this action, neither she nor any other party has made Burlington a defendant in the state court action. *See id.* (finding first part of second *Orix* step satisfied where subject insurer/declaratory plaintiff was never made a defendant in the state court action). Moreover, inasmuch as Burlington is not a party to the state court action, the coverage issue presented herein cannot be decided in that action and the Anti–Injunction Act is no bar to relief in this court. *See id.* (finding that Anti–Injunction Act did not bar relief because there was neither a state court action against the declaratory plaintiff nor a state court action involving the same issues as the declaratory action).

■ As for the third *Orix* step, the seven nonexclusive *Trejo* factors which must be considered in determining whether the court should exercise its discretion to decide a declaratory action, are:

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, ... 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy ... and [7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Trejo*, 39 F.3d at 590–91.

Since Burlington is not a party to the pending state court action, "no pending state action exists where all the matters in controversy could be fully litigated." *AXA*, 162 Fed.Appx. at 318. Moreover, Burlington did not file this action in anticipation of a suit against it but rather in response to the McChristian suit against it, *see id.* (making same finding on similar facts), and Burlington "has not engaged in improper forum shopping merely by filing a declaratory action in federal court availing itself of diversity jurisdiction," *id.* Further, because the issue of insurance coverage was not broached in the state court action before this declaratory action was filed (and even when it was, Burling-

to AXA's federal declaratory judgment action. The Mississippi district court declined to ab-

stain, and the Fifth Circuit affirmed that decision.

ton was not made a party), Burlington "did not inequitably gain precedence in time or change a previously selected forum for the declaration it sought." *Id.* As for the fifth factor, this forum is obviously equally convenient as it is merely a federal court in the same location as the state court. In addition, because Burlington is not a party to the state court action and thus the coverage issue cannot be determined in that action, "judicial economy is not contravened by retaining the action" in this court "because no other proceeding is able to consider the coverage dispute." *Id.* Finally, this court is not being called upon to construe a state court decree involving the same parties as herein; again, Burlington is not a party to the state court action. *Id.*

For these reasons, therefore, it is ordered that Ms. McChristian's motion to dismiss is denied.